[No. 3285. Decided October 6, 1899.]

TINEY W. GRIFFITH, *Respondent,* v. JOHN B. WRIGHT, *Appellant.*

PLEADING—FAILURE OF CONSIDERATION—CONCLUSION OF LAW.

Want of consideration for the execution of a promissory note is a matter of affirmative defense, which should be pleaded by stating the facts showing the want of consideration, unless the parties go to trial upon the allegation that the note is without consideration, thus treating the statement as an issuable fact instead of a conclusion of law.

SAME—MOTION TO MAKE MORE DEFINITE—TIME FOR INTERPOSING.

Where a plaintiff is permitted on the trial to amend her reply for the purpose of putting it in such a shape as to make the introduction of evidence admissible showing want of consideration for

the execution of a promissory note, after objection by defendant that the original reply did not allege any issue of fact, a motion by defendant to make the amended reply more definite and certain so as to state the facts showing want of consideration, does not come too late, and should be granted, where the allegations of the reply amount to a conclusion of law.

Appeal from Superior Court, King County. — Hon. E. D. BENSON, Judge. Reversed.

*William Parmerlee,* for appellant.

*Morris B. Sachs,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Respondent (plaintiff) commenced an action to recover judgment on nine promissory notes executed by appellant for the sum of $25 each, together with eight per cent. interest from the date of execution of the notes. ·The usual allegations were made which entitled respondent to her judgment upon the notes. Appellant answered, admitting the allegations of the complaint, but set up as an affirmative defense, and by way of counterclaim, a note in the sum of $388, executed and delivered by respondent to Mary J. Wright, and the assignment of such promissory note by Mrs. Wright to him before the commencement of the action. Plaintiff replied to the affirmative defense of the answer in the following form: "Plaintiff denies that the note mentioned, described and set forth . . . was for a valuable consideration or for any consideration whatever;" and also denied the assignment of the note before the commencement of the action. Upon the trial the affirmative was upon the appellant, who proved the assignment and then rested. Whereupon respondent tendered testimony to show a want of consideration of the note set forth in the counterclaim by defendant. Counsel for defendant objected to the testimony offered, on the ground that evidence of such defense,—want of con-

sideration,—could not be given under the denial set up in the reply; that such defense must be set up as new matter; and that the denial in the reply was a conclusion of law and raised no issue of fact. The court sustained the objection, and thereupon counsel for plaintiff asked for leave to amend the reply upon the trial, which leave was granted. The reply was amended *instanter* and alleged, by way of new matter and defense, "that there was no consideration whatsoever for the making or delivery of the promissory note set forth in said answer and counterclaim." Thereupon the record shows that counsel for defendant addressed the court as follows:

" This reply is defective, just as much as the other was —doesn't state the facts; pleads a conclusion of law. The only difference between this and the other is that it is alleged as new matter, and not under a general denial. Now, this is as defective as the other in not stating the facts wherein the failure of consideration consists. That is what we want; we want some notion of what their defense is to this note, so that we can frame our answer, so that we can get our evidence in."

The court remarked, "Objection overruled." A question intervened by plaintiff, but before it was answered counsel for defendant moved to make the amended reply more definite and certain, so that the reply should state in what the consideration failed in the making and delivery of the note, and that the amended reply should allege facts and not a conclusion of law. This motion was oral, but it was stipulated that it be considered filed. The motion was overruled. Defendant then prayed a continuance on the ground of surprise, and being unprepared to meet the defense at that time. The continuance was refused, and the case proceeded to trial.

The testimony produced at the trial is conflicting, and, in view of the principal error assigned here, it will be unnecessary to refer to it further. The rule with refer-

ence to pleading a want of consideration is very well
stated in 4 Enc. Pl. & Pr., p. 946:

"   .   .   That if the contract in suit imports a con-
sideration   .   .   .   the want of consideration cannot
be shown under the general denial, but must be pleaded.
If, on the other hand, the contract in suit does not import
a consideration, thereby making it necessary for the plain-
tiff to allege a consideration, want of consideration may be
shown under the general denial."

And we think, also, the better rule as to the manner of
stating the want of consideration is to state the facts show-
ing the want of consideration. We are aware, however,
that the authorities are at variance here, and, while the
formula alleging that a promissory note is without con-
sideration is justly subject to the criticism that the state-
ment may be a conclusion of law, yet it may also be con-
strued as an issuable fact where the parties go to trial and
place such construction upon it. *Chamberlain v. Paines-
ville & H. R. R. Co.,* 15 Ohio St. 225; Pomeroy, Code
Remedies (3d ed.), § 602; *Simpson Centenary College v.
Bryan,* 50 Iowa, 293.

If the defendant is in doubt, a motion to make more defi-
nite and certain by pleading the facts which show the want
of consideration should be made. The note imported con-
sideration. The want of consideration is, therefore, an
affirmative defense, and the facts should be stated suffi-
ciently to apprise the opposite party of them before the
trial. It is, however, maintained by counsel for respond-
ent that the first objection to the amended reply made by
appellant was in the nature of a general demurrer to the
allegation of want of consideration, and therefore the
motion was too late. But it seems hardly fair to put such
a construction upon the objection. Plaintiff was permit-
ted to amend her reply in the midst of the trial, and the
remarks made by counsel for appellant immediately pre-

·ceding the motion to make more definite and certain should be construed with reference to that motion.    We think the motion should have been granted and that defendant was entitled to it as a matter of right.    An inspection of the testimony produced at the trial very fairly illustrates the difficulty under which the defendant was placed in meeting the general allegations of want of consideration for the note.    For the error in this regard the cause is reversed and remanded for a new trial.

GORDON, C. J., and ANDERS, DUNBAR and FULLERTON, JJ., concur.