[No. 4287.　Decided April 6, 1903.]

A. H. Nunn, *Respondent*, v. J. Eugene Jordan, *Appellant*.

WITNESSES — CROSS-EXAMINATION.

Prejudicial error cannot be assigned upon the refusal of the court to permit cross-examination as to a certain matter, when the same ground had already been reasonably covered in prior cross-examination of the witness.

SAME — REPEATED EXAMINATION.

Where an extended examination has been had upon a certain subject in evidence, the refusal of the court to permit further examination going over the same ground would not be error.

TRIAL — ADMISSION OF EVIDENCE — COMMENTS BY COURT — HARMLESS ERROR.

An alleged copy of a disputed assignment being admissible on a showing that the original had been delivered to defendant who refused to produce it on demand, it was not prejudicial error for the court to remark, at the time the copy was offered in evidence, "It would be admissible for what it is worth—what it shows; just as much as the original would be," when subsequent testimony and instructions made it clear to the jury that defendant denied the existence of the original assignment.

SAME — INSTRUCTIONS — COMMENT ON EVIDENCE.

A comment by the court in his charge to the jury upon a matter not material under the issues would not constitute prejudicial error.

APPEAL — OBJECTIONS NOT URGED BELOW.

The objection that evidence admitted on the trial was hearsay cannot be raised for the first time on appeal, when specific objection on that ground was not urged below.

SAME — ERRORS NOT IN RECORD.

The exclusion of record evidence will not be considered on appeal, when such evidence was not formally offered on the trial and is not in the record on appeal.

PLEADING — GENERAL ISSUE — FAILURE OF CONSIDERATION.

A failure of consideration is not raised by an answer of general denial in an action on an instrument which imports a consideration.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Affirmed.

*James Hamilton Lewis* and *R. B. Albertson,* for appellant.

*Preston & Embree,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent brought this action against appellant for the recovery of money. The complaint alleges that on the 2d day of September, 1898, the Klondike, Yukon & Copper River Company, a corporation, was indebted to respondent in the sum of $500 for services performed and for money furnished and advanced by him to said company; that on said date, for and in consideration of the sum of $500, which appellant agreed and promised to pay respondent on demand, the respondent sold and, by written assignment, transferred and set over unto appellant his said demand for $500 owing him from said company as aforesaid. It is averred that no part of said purchase price has been paid, and judgment is demanded for the sum of $500, with interest at the legal rate from September 2, 1898. The answer is a general denial. A trial was had before a jury, resulting in a verdict in favor of respondent for the amount demanded in the complaint. From a judgment entered in accordance with the verdict, this appeal is prosecuted.

It is assigned that the court erred in refusing to permit appellant to cross-examine respondent concerning a letterpress copy of the assignment of said claim to appellant. Respondent had notified appellant to produce the original assignment, which he said was delivered to appellant. This was not done, and he thereupon sought to introduce what he testified was a copy of the original. Respondent testi-

fied that the copy was taken the day of its date, and in the letter book produced there was a copy of another writing, bearing a later date, which had been copied on a preceding page. Appellant's complaint is that he was not permitted to cross-examine in relation to said transposition of dates. Such cross-examination was not material, except in so far as it may have borne upon the credibility of the respondent's testimony concerning the assignment. The record, however, discloses that when respondent was being examined in chief, by way of identifying the copy, appellant's counsel asked and was granted leave to cross-examine the witness in relation thereto. The cross-examination continued for some time, covering the very ground which it is now urged he was prevented from covering. After some time, respondent objected, and the objection was sustained. In any event, the ground had already been reasonably covered, the witness had made his explanation, and we do not think prejudicial error was committed by sustaining the objection at the time it was done.

It is next urged that error was committed by the admission in evidence of the copy of the assignment, and by the remark of the court in connection therewith. The complaint alleged a written assignment. The witness testifies that the original thereof was delivered to appellant. Notice to produce it at the trial was shown. It was not produced. The writing offered was identified as a copy of the original. We know of no reason why it was not admissible under those conditions. The remark of the court urged as error was as follows: "It would be admissible for what it is worth—what it shows; just as much as the original would be." No exception was taken to this remark of the court. But in any event we do not see that the remark was necessarily prejudicial. The court did not say

that the paper would conclusively prove what it showed, but that it was simply admissible for what it showed, as the original would be for the same purpose. It was made very clear to the jury, however, by the admission of subsequent testimony and by instructions, that appellant denied the existence of an original assignment; and, if they believed that to be true, they knew that the copy introduced did not prove what it purported to prove. In such event, they knew, as the court remarked, that it had been admitted for what it showed, and for what that showing was worth, but that, in the light of other evidence, its showing was valueless.

Respondent had been the agent at Seattle for the said Klondike, Yukon & Copper River Company. A certain dredger, with its equipment, belonging to said company, was stored in a warehouse in Seattle at the time respondent alleges he assigned his claim against said company to appellant. Respondent also claimed he had authority from the company to sell the dredger and apply the proceeds upon the payment of the company's debts, including his own claim. He testified that appellant wished to buy the dredger, and that it was agreed that he should pay respondent $500 for his claim against the company, and might afterwards turn in the assigned claim to the company as a payment of $500 upon the dredger, for which he agreed with respondent, representing the company, to pay $700. It was shown that the two went to the warehouse together, and respondent turned over to appellant the dredger, whereupon appellant paid him some money. Appellant claims that he simply loaned the money, and took the dredger as a pledge for it, while respondent claims that, as agent for the company, he sold appellant the dredger; that the

money paid was to apply upon the balance of the agreed
price for the dredger, over and above the amount of re-
spondent's claim; and that appellant promised to pay the
latter amount to him.    Thus the dredger was turned over
to appellant.    At the trial there was much evidence about
the subsequent history of the dredger, and appellant as-
signs as error that he was precluded from tracing this his-
tory.    The record, however, discloses an extended examin-
ation upon that subject; and when the objection was made,
which the court sustained, and upon which this alleged
error is based, it was stated as a reason that the ground
had already been gone over.    The court reasonably and
properly sustained the objection upon that ground.

Somewhat related to the subject last discussed is an
error assigned upon the following words of the court in an
instruction:

"It is conceded that the dredger was transferred and de-
livered to the defendant and re-stored by him in the ware-
house in the name of his company, the Histogenetic Medi-
cine Co., and that he has never returned or offered to re-
turn it to the original owners."

It is urged that such a concession was not made, and
that the remark was an unwarranted comment upon the
evidence.    If the concession was not actually made in
words, as we understand the record, appellant's own testi-
mony and the admissions amounted practically to such con-
cession.    However, in the same instruction the court told
the jury that matters pertaining to the dredger were im-
material, except in so far as they may throw light upon the
subject of the assignment.    The complaint simply alleged
the assignment of an account to appellant for which he
agreed to pay, and the suit was brought to recover upon
that promise.    The only essential facts under the issues

were, did appellant buy the claim and agree to pay for it? It was immaterial what may have been done concerning a dredger. Nothing is said of a dredger in the complaint or answer. Whatever may pertain to the dredger relates only in an explanatory and historical way to the question of consideration for the assignment of the claim, and that question is not raised in the pleadings. The assignment is simply denied. If there was no assignment, there was no consideration. If there was an assignment, the consideration was a promise to pay money, and the dredger or its whereabouts became no part of it. We think in view of the issues and of the evidence as they stood, and also considering the whole instruction, the criticized words were not prejudicial.

It is next urged that the court erred in permitting respondent to testify as to what was said by the president of the said company, and also by members of a committee thereof, concerning the existence and amount of indebtedness of the corporation to respondent. It is claimed that such was hearsay testimony, and that, since the indebtedness was denied, it was erroneously admitted. We do not find that specific objection was made as to the bearing of the statements upon the question of indebtedness of the company to respondent. What was said by the witness upon that subject was incidental to what he stated as to authority given him by those representatives of the company to sell the dredger, and the court announced that the testimony was admitted as bearing upon the question of his authority to sell the dredger. Such appears to have been the only purpose in the mind of the court at the time, and counsel did not direct his attention to the further ground of objection. For the purpose stated by the court, we think the evidence was competent, and, since the court's

attention was not specifically called by objection to the bearing the .testimony had upon the subject of the indebtedness of the company to the respondent, we think it should not now be held to be reversible error. Moreover, the essential inquiry was, had there been an assignment of account, and a promise to pay? If there was in fact no assignment, it was immaterial whether an indebtedness existed or not. If there was an assignment, then any claim as to the nonexistence or as to the amount of the indebtedness upon which such assignment was based relates only to the question of want or failure of consideration, which is not raised by the pleadings. The answer being a general denial, failure of consideration is not raised, within the rule followed by this court in *Griffith v. Wright*, 21 Wash. 494 (58 Pac. 582). In view of the issues, there was no prejudicial error under this assignment.

It is assigned that, inasmuch as respondent admitted that disbarment proceedings had been instituted against him in the state of Minnesota, the court erred in not permitting the record of his actual disbarment to be admitted in evidence. The record referred to was not identified, was not formally offered in evidence, and is not in the record before us. Whatever might be said under this assignment if the record were here, we shall not discuss the admissibility of record evidence not before us.

It is last insisted that a new trial should have been granted for reasons heretofore discussed, and for the further reason that the verdict is not sustained by the evidence. There is evidence in the record to support the verdict. The testimony is in hopeless conflict. It would be difficult to find a case where the principal parties in interest contradict each other more fully upon material matters. The jury have passed upon the evidence and we

see no reason for disturbing the verdict. We believe the court did not err prejudicially, and the judgment is affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR and ANDERS, JJ., concur.