[No. 19013.   Department One.   February 24, 1925.]

## S. H. BRAMMER, *Respondent*, v. MONTY PERCIVAL *et al.*, *Appellants.*[1]

TRIAL (69)—INSTRUCTIONS—ASSUMPTION OF FACTS. In an action by a pedestrian, struck by an automobile while waiting to board a street car, error in giving an instruction assuming that the street car had come to a full stop is without prejudice where, under the facts and an ordinance, it was immaterial whether the car had come to a full stop or not.

NEGLIGENCE (44)—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action by a pedestrian, struck by an automobile while waiting to board a street car, an instruction that contributory negligence must be proved by the person alleging it is not prejudically erroneous, when considered in connection with another instruction properly stating the duty of the defendant to prove the allegations of his affirmative defense by a fair preponderance of the evidence.

DAMAGES (80, 86)—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $5,000 for personal injuries will not be held excessive, where plaintiff was knocked unconscious, his collar bone was broken, he suffered much pain while in a hospital for three weeks, his arm was in a cast for several months and he was unable to use it without pain and was unable to do his work properly at the time of the trial, four and a half months later, and a permanent recovery was doubtful.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered July 26, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile.   Affirmed.

*R. S. Holt,* for appellants.

*Ellis, Fletcher & Evans,* for respondent.

ASKREN, J.—This appeal is from a judgment entered upon a verdict of a jury for personal injuries sustained when plaintiff was struck by defendants' automobile. The facts in the case are substantially as follows: On

[1] Reported in 233 Pac. 311.

February 23, 1924, at about 10 o'clock in the evening, plaintiff was waiting at the corner of Twenty-fourth and Pacific avenue, in the city of Tacoma, for a street car to take him to his home. Seeing one approaching, he stepped out into the street and walked to the usual stopping place to board street cars. At that time he saw the lights of an approaching automobile, which subsequently proved to be the defendants' car, about 150 feet away. As the street car was about to stop, he took out his pass, ready to board the car, and at that time was within two or three feet of the street car. At the same moment he was struck by defendants' automobile and knocked unconscious.

The appellant contends, first, that the court erred in giving an instruction to the jury which assumed that the street car was standing still at the time of the accident. The instruction given by the court is undoubtedly subject to this criticism; but the facts in the case clearly show that no prejudice could arise therefrom. An ordinance of the city of Tacoma, No. 7454, § 43 provides as follows:

"No vehicle shall pass along the right hand side of any street car which is being brought to a stop for the purpose of taking on or unloading passengers, or which is standing in any street taking on or unloading passengers, without first coming to a complete stop, after which it may proceed past said car at a speed not greater than ten miles an hour and at a distance of not less than six feet from the running board or lower step of such car; and in no case shall the driver of any vehicle drive the same into a crowd of people waiting to board any car or unloading therefrom."

It will thus be seen that the question as to whether the street car had come to a stop at the time respondent was struck, or whether it was about to come to a stop, is immaterial so far as this action is concerned. Under either state of facts the ordinance required ap-

proaching automobiles to come to a stop. There was no evidence in the case that would change the right of recovery based upon the question of whether or not the car had actually stopped. The undisputed evidence shows that respondent was at the proper place for passengers who were waiting to board street cars; that he had reached that point before appellants' automobile struck him, and that this was at a street intersection where pedestrians have the right of way. The street was well lighted, and the only defense offered for striking respondent was that the driver of the car did not see him. This, it is apparent under the facts, was no defense. The instruction complained of, therefore, assumed a fact which was immaterial. *Nunn v. Jordan*, 31 Wash. 506, 72 Pac. 124.

Secondly, it is contended that the court erred in instructing the jury upon the question of contributory negligence, as follows:

"Contributory negligence is the want of ordinary care on the part of plaintiff who is seeking to recover from a defendant for injury or loss and must be such negligence as contributes to the happening of the injury or loss, and it must be proved by the one alleging contributory negligence."

It is claimed that the latter part of the instruction, "it must be proved by the one alleging contributory negligence," means that where the appellant pleaded contributory negligence as an affirmative defense, he would be required to produce the evidence of contributory negilgence by his own witnesses, instead of allowing the jury to find contributory negligence from the evidence of any witnesses in the case, including those of plaintiff. But we think this contention is too technical. The court, in its previous instruction, No. 9, advised the jury as follows:

"The right of the plaintiff to recover in this case rests upon the allegations of negligence in his com-

plaint charged against the defendant; and the burden of proof is upon the plaintiff to establish by a fair preponderance of the evidence all the material allegations of the complaint; but as to the charge of contributory negligence contained in the answer, the burden is upon the defendant to prove the allegations of the affirmative defense, by a fair preponderance of the evidence.''

These two instructions, under the repeated holdings of this court, must be read together, and it is apparent therefrom that it was not the intention of the court to instruct the jury that negligence could only be established by the testimony offered on behalf of the defendant; but merely that it must be shown by the evidence in the case, and that the preponderance of that evidence must be with the one alleging it. Appellant relies on *Atwood v. Washington Water Power Co.,* 71 Wash. 518, 128 Pac. 1065, where the court instructed the jury as follows:

'' 'The defendant having alleged the defense of contributory negligence the burden rests upon the defendant to establish that defense by a preponderance of the evidence, and the court instructs the jury that there is no evidence in this case offered or introduced by the defendant to establish such a defense'.''

In that case we held that the instruction was erroneous, but it will be seen that, after the court instructed the jury that the burden rested on the defendant to establish the defense of contributory negligence, it went further and instructed them that the defendant had offered or introduced "no evidence to establish such a defense." We think there is a marked difference between instructing a jury that one must "offer or introduce evidence to establish the defense," and instructing them that "it must be proved by the one alleging contributory negligence." It may be true that the instruction complained of could have been

5—133 WASH.

couched in language that would be entirely free from
the construction placed on it by the appellant, but it
must be remembered that the trial court cannot always
choose the words contained in an instruction with the
same degree of precision and nicety that is accorded to
counsel in preparing the case for the appellate court.
It is sufficient if the instruction fairly states the law
and it be apparent that the jury could not be misled
thereby. *Cheichi v. Northern Pacific R. Co.,* 66 Wash.
36, 118 Pac. 916; *Johnson v. Smith,* 118 Wash. 146, 203
Pac. 56.

Lastly, it is contended that the verdict of the jury
was excessive. The evidence shows that respondent
was knocked unconscious; that the neck of the humerus
near the shoulder joint was broken; that he suffered
much pain and was confined in a hospital for approxi-
mately three weeks; that he was kept from his work
for two months; his face hurt in four or five places;
that his arm was kept in a cast for several months;
that he could not use the arm without pain; that the
pain caused loss of sleep, and that the cords were sore.
At the time of the trial, four and a half months after
the injury, he was still unable to do his work satisfac-
torily, but being employed in a clerical position by the
city of Tacoma, he was permitted to return to work,
being assisted in the performance thereof by his co-
employees. Prior to the trial, the court appointed
physicians to examine respondent, and they testified
that, within six months from the date of the trial,
respondent should have full use of his arm. Respond-
ent's doctor, however, testified that it would be nine
months or a year before it would be known whether
there was a complete recovery. The evidence shows
that respondent's damage from loss of time, hospital
and doctor bills, etc., was $625. The jury awarded a
verdict for $5,000. The trial court had the benefit of

seeing the witnesses and hearing their testimony, and the motion for a new trial upon the ground of excessive damages was addressed to its discretion. It did not deem the amount too large. There is nothing in the record from which we can infer passion and prejudice, nor anything to sustain the claim that the damages are excessive unless it be found in the amount thereof. It must be borne in mind that, under the rule adopted by this court in such cases, what might have appeared to be a large or excessive verdict years ago cannot be so considered now. We have had occasion to advert to the fact that the purchasing power of the dollar has changed greatly in the past decade, and in *McCreedy v. Fournier*, 113 Wash. 351; 194 Pac. 398, said: "It is necessary to take into consideration factors and standards greatly differing from those prevailing only a few years ago." See, also, *Allison v. Bartelt*, 121 Wash. 418, 209 Pac. 863.

The judgment of the trial court is affirmed.

TOLMAN, C. J., MAIN, BRIDGES, and PARKER, JJ., concur.