[No. 20176   Department Two.   January 8, 1927.]

## ELMER S. ELLIOTT, *Respondent,* v. R. KNOX ROBERTS et al., *Appellants.*[1]

[1] MASTER AND SERVANT (172)—INJURIES TO THIRD PERSONS—SCOPE OF EMPLOYMENT.  Whether an automobile driven by an employee of the defendant at the time of an accident was being driven upon the business of the defendant is a question for the jury, notwithstanding the employee's testimony to the contrary, where three disinterested witnesses testified that he told them he was on the way to the store to secure a list of prospects, and it appears that he had a right to use the car and it was used by him in the evenings for the purpose of soliciting customers and demonstrating for sales.

[2] APPEAL (151½)—EXCEPTIONS—MANNER OF TAKING.  Failure to limit the effect of evidence to that of impeaching evidence only, and to fail to give an instruction to that effect, cannot be assigned as error without an exception thereto; and it is not sufficient for counsel to state, at the time the evidence was offered, that he desired to present a request and instruction to preserve his record, if the ruling should be adhered to.

[3] DAMAGES (80, 84)—EXCESSIVE VERDICT—INJURIES TO LEG AND OTHER INJURIES.  A verdict of $14,980 for personal injuries sustained in an automobile collision is not so excessive as to indicate passion or prejudice, where plaintiff suffered comminuted fractures, dislocations and severe wounds and permanent disabilities, with great pain and suffering for a year, necessitating operations costing nine hundred dollars and further operation will be necessary.

Appeal from a judgment of the superior court for King county, Douglas, J., entered May 18, 1926, upon the verdict of a jury in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile.  Affirmed.

*Roberts & Skeel,* for appellants.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

[1]Reported in 252 Pac. 131.

Askren, J.—Judgment was entered in this case upon the verdict of a jury allowing the plaintiff damages for personal injuries sustained when he was struck by an automobile belonging to the defendant Roberts and driven by another defendant, Spangler. Appealing, Roberts raises several assignments of error.

[1] The first is that the court erred in admitting evidence of statements of Spangler to third persons, after the accident, regarding his mission at the time thereof. One of the issues in the case was whether, at the time of the accident, the car was being operated by Spangler on business for Roberts. The pleadings admitted the employment of Spangler by Roberts, and the evidence of respondent showed the right and authority to use the car; that it was used by him in the evenings for the purpose of soliciting customers and demonstrating for sales, and that he made sales at night and went directly from his home in the morning to see prospective customers.

The accident took place about 8:30 o'clock in the evening, and it was appellants' contention that, at the time, Spangler was using the car for his own purposes. It appeared that, on the night in question, Spangler drove a lady from his home to her residence and after leaving that place the accident occurred. There was evidence that he expected to sell this lady an automobile. As to where Spangler was going after taking her home, there is no positive evidence in the record other than his statement and that of his wife, who was in the car at the time, that he was going home. Contradicting his testimony, three disinterested witnesses testified that he told them later that he was on his way to the store to secure a list of prospects. It is manifest that the impeaching evidence of the three witnesses just referred to, if believed by a jury, might totally

destroy the effect of Spangler's evidence. It is also apparent that, without this evidence, there was sufficient to make it a question for the jury to determine whether the use of the automobile at the time in question was in the employer's business, or that of the employee. This disposes of the objection that it was sought to prove the agency of Spangler by the statements he made to third persons.

[2] It is said, however, that since this testimony was impeaching in character, it should have been so limited by the court. Assuming, without deciding, that this evidence was only proper as impeachment, the short answer to the contention is that no such request was made at the time the evidence was given, and that, when a written instruction upon this point was later refused, the appellant took no exception thereto. True, during recess, when counsel for both parties were in the judge's chambers, the court notified them that he would not give the instruction, whereupon

" . . . counsel for defendant stated that he assumed that, if the court adhered to his ruling admitting the testimony, he would refuse this instruction, but that he, Mr. Roberts, desired to present and request the instruction to preserve his record."

This, however, is not the form nor manner of taking exceptions provided by statute. As was said in *Gerber v. Aetna Indemnity Co.*, 61 Wash. 184, 112 Pac. 272:

"We cannot hold, when during the argument upon a legal contention counsel indicates to the court his contention that the court is about to make an erroneous ruling, that such expression of counsel's views will operate as, and take the place of, an exception to the ruling. Exceptions, and the manner of taking the same, are controlled by statute, and to be beneficial the statutory requirement must be followed."

It is also urged that the evidence offered by appellant overcame the *prima facie* case made by respond-

ent. It is unnecessary to burden this opinion with the facts shown. They were contradictory of those shown by respondent, but there was no such conclusiveness in their probative value as to justify us in saying that there was no evidence to go to the jury.

[3] It is claimed that the verdict is excessive. The jury allowed $14,980. Appellant has not seen fit to abstract the record in this connection and has left us to explore a three hundred page record to ascertain the facts. Respondent was rendered unconscious at the time of the accident and remained so for some time thereafter. His left arm and left leg had comminuted fractures, the collar bone was dislocated on the right side, the skin was scraped from one side of the face and he had a scalp wound. He was in the hospital for nine weeks, and was confined to his home on his back upon removal from the hospital until the time of trial, about five months after the accident. He has permanent injuries. One leg is three-eighths of an inch short, and one arm is so disabled that it is only sixty per cent normal. Respondent's physician testified, in effect, that, by breaking the bone in the arm and straightening it out, the disabling feature might be reduced one-half from its present state, but said this was only problematical; that the leg will swell when used for a whole day, and will be lame for two or three years; that it will be fully a year from the date of the accident before he can report for work at all at his former occupation as a policeman, and then he will be handicapped in the performance of his duties; that the arm will always be disabled and there will never be complete turning or moving of the arm, and that it "looks as though that projecting bone is going to come through the skin, and I really think that it will have to be taken care of some time in the future." The expenses thus far have been over nine hundred dollars,

and another operation will add thereto. Viewing as calmly as we know how and endeavoring to appraise justly the compensation that should be awarded here, it is difficult for us to say, in view of the permanent disabilities, pain and suffering endured and almost inevitable in the future, and the expense involved, that the amount allowed shows, in the amount thereof alone, any passion or prejudice or excessiveness. The damages allowed are large, but the injuries are serious. *Brammer v. Percival,* 133 Wash. 126, 233 Pac. 311; *McEachran v. Rothschild & Company,* 135 Wash. 260, 237 Pac. 711, 241 Pac. 969.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and MACKINTOSH, JJ., concur.