[Civil No. 3452.   Filed October 22, 1934.]

[36 Pac. (2d) 794.]

SIDNEY SAPP, as Administrator of the Estate of E. Y. MALICH, Deceased, Substituted for and in Place of I. MALICH, B. MALICH and MAMIE LEVY, Appellant, v. ANNIE LIFRAND, Appellee.

322

Mr. Guy Axline, for Appellant.

Mr. W. Dean Nutting, for Appellee.

LOCKWOOD, J. — Annie Lifrand, hereinafter called plaintiff, brought suit against Bazell Motor Company, a corporation, and various individuals, hereinafter called defendants, on a promissory note given by the defendants to E. Y. Malich and by him assigned to plaintiff. The note was secured by a realty mortgage, and plaintiff asked for the usual

foreclosure decree thereon. After the filing of the suit, Sidney Sapp, the duly appointed, qualified and acting administrator of the estate of E. Y. Malich, was by the court allowed to file a complaint in intervention. The gist of this complaint was that Malich, at the time he made the assignment of the note and mortgage in question to plaintiff, was incompetent to make it on account of his mental condition, and that they were therefore still the property of the estate of E. Y. Malich. Plaintiff answered, denying the allegation that her assignor Malich was not competent to make the assignment in question, and in the third section of a second and separate defense alleged, among other things, "that the said assignment of said note and mortgage aforesaid was executed and delivered by said E. Y. Malich to this plaintiff for a good and valuable consideration and for love and affection," and set up a judgment rendered in California in bar of the plea in intervention. Intervener replied as follows:

"Now comes Intervener and denies both generally and specifically, all material affirmative allegations set forth by plaintiff in first three sections of so-called Second Defense to Intervener's Amended Complaint."

The case was tried to the court sitting without a jury, and a large amount of testimony was taken, most of it being upon the question of whether or not, at the time the assignment was executed, Malich was competent mentally to make it, but a considerable portion being on the issue of what, if anything, was the consideration for the assignment. So far as the question of mental competency is concerned, there is a sharp conflict in the evidence. The physicians whose evidence was offered by intervener testified substantially that Malich at the time he made the

assignment was in an abnormal state mentally and not in a condition to transact any important business. On the other hand, a number of lay witnesses testified that in their opinion he was competent for that purpose.

It is urged that the court was bound to consider the testimony of the physicians as conclusive on this point. We are cited to no authorities supporting this contention, and it seems to us obviously unsound. If the opinion of the physicians is conclusive upon a matter of this kind, there is no reason why lay testimony on the subject should be admitted at all, yet it is universally held that such testimony is proper. Since the trial court found, on conflicting evidence, that Malich at the time of the execution of the assignment in question was competent to make it, we are bound by its findings.

The question as to the consideration is more serious. It is first contended by plaintiff that under the pleadings the issue of want of consideration is not before us, for the reason that the reply of plaintiff, above set forth, being merely a general denial, did not raise an issue on that point. It is the ordinary rule of pleading that, where a suit is based upon an instrument which as a matter of law imports a consideration, it is not necessary that a consideration be pleaded, nor can a want or failure thereof be offered in defense under a general denial. *Griffith* v. *Wright,* 21 Wash. 494, 58 Pac. 582; *Nunn* v. *Jordan,* 31 Wash. 506, 72 Pac. 124; *Greer* v. *Latimer,* 47 S. C. 176, 25 S. E. 136; *Nixon* v. *Beard,* 111 Ind. 137, 12 N. E. 131.

The note and assignment on which plaintiff relies, under the laws of Arizona, import a consideration. Section 3048, Rev. Code 1928. It was not necessary for plaintiff to plead or prove a consideration

therefor, and her allegations that the assignment was made "for a good and valuable consideration and for love and affection" were immaterial and mere surplusage, and the general denial of intervener, above set forth, was entirely insufficient to raise the issue of want of consideration. Had plaintiff objected to the introduction of any evidence on this point, the trial court should, and doubtless would, have sustained· the objection. But the reporter's transcript shows clearly that both plaintiff and intervener assumed that the question of consideration was before the court, and they devoted much time to showing what such consideration was. Having tried the case on that theory in the lower court, they cannot change their theory on appeal. *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461; Id., 233 U. S. 273, 34 Sup. Ct. 481, 58 L. Ed. 957. The court found that the consideration was both "good" and "valuable." A "good" consideration is blood or natural love and affection, as when a man grants property to a near relation; his act being founded on motives of generosity, prudence and natural duty. A "good" consideration will support an executed contract, but an executory contract founded thereon is, according to the great weight of authority, gratuitous and unenforceable. *Sullivan* v. *Sullivan,* 122 Ky. 707, 92 S. W. 966, 13 Ann. Cas. 163, and note, 7 L. R. A. (N. S.) 156. But it has always been held that a consideration of this nature requires relationship by either consanguinity or affinity between the parties, and, so far as we are advised, it cannot exist where the promisee is not related to the promisor in one or the other manner. Since there was no contention that plaintiff was related to Malich, either by consanguinity or affinity, she may not rely upon a "good" consideration to support the assignment.

A valuable consideration implies a profit to the promisor or a loss or detriment to the promisee. 13 C. J. 315, and cases cited. We have examined the record carefully on this point, and are of the opinion that it appears the consideration of $10 recited in the assignment was merely a nominal one, and that there was no profit passed to the promisor and no loss or detriment to the promisee which will sustain the finding of the court that there was a valuable consideration for the assignment. The record shows clearly that, if the assignment is effective at all, it is not on the theory of a *bona fide* contract between the parties, supported by a sufficient consideration, but as a donation *causa mortis*. Whether it was valid as such was never determined by the trial court, for the reason undoubtedly that the parties did not raise that issue in their pleadings. It is therefore necessary that the case be reversed and remanded for a new trial, with leave to the parties to amend their pleadings in accordance with the opinion expressed herein. Nor will such an amendment state a new cause of action. This is a suit to foreclose a mortgage, and both plaintiff and intervener agreed that it should be foreclosed. The only question in issue between them is whether the assignment on which plaintiff bases her claim that she is the owner of the note and mortgage, and therefore entitled to maintain the suit legally, was legally transferred to her, and we think it in no way is a new cause of action to allow plaintiff to base her claim of ownership thereto on the theory that such assignment was a gift rather than a contract.

The judgment of the superior court is reversed and the case remanded for a new trial.

ROSS, C. J., and McALISTER, J., concur.