## MITCHELL et al. v. TULSA BLDG. & LOAN ASS'N et al.

No. 24350. May 12, 1936.

Rehearing Denied Sept. 22, 1936.

Davidson & Williams and Martin & Spradling, for plaintiffs in error.

W. D. Abbott and Arden E. Ross, for defendants in error.

PHELPS, J. On January 28, 1926, Tulsa Building & Loan Association made a loan of $10,000 to Ruth Ellen Carpenter, which loan was secured by a mortgage covering certain real estate located in the city of Tulsa, the title to which was in the name of said Ruth Ellen Carpenter. Her husband, O. D. Carpenter, joined her in the execution of the note and mortgage. It appears that Mrs. Carpenter was the stenographer or bookkeeper and office manager for Dr. C. L. Reeder, and that he received the proceeds of this loan and that he furnished Mrs. Carpenter the money with which to make the installment payments that were made. On December 20, 1926, Dr. Reeder died and his daughter, Mrs. Winifred K. Jackson, claimed that, although title was in Mrs. Carpenter, the property belonged to her father, Dr. C. L. Reeder, and as an heir at law brought suit to cancel the record title of Mrs. Carpenter.

Before the suit was tried the Carpenters deeded the property to Mrs. Jackson and the suit was dismissed. Creditors of Dr. Reeder then filed suit to have the property adjudged an asset of the estate of Dr. Reeder, and the court entered its decree so finding, after giving Mrs. Jackson a lien against the same for payments she had made on the loan, taxes, repairs, etc. Mitchell v. Jackson, decided March 3, 1936, 177 Okla. 441, 60 P. (2d) 390. Default was made on the payments due under the note and mortgage and the Building & Loan Association filed suit to foreclose. Plaintiffs in error, as creditors of Dr. Reeder, were made parties to this suit. They filed their answer in which they claimed that the Building & Loan Association knew at the time the loan was made that the property belonged to Dr. Reeder and not to Mrs. Carpenter; that they had notice of the claims of plaintiffs in error against Dr. Reeder, and prayed that the mortgage be canceled and set aside and that title to the real estate be quieted in the administratrix of the estate of Dr. Reeder so that the real estate might be subjected to the payment of the claims of plaintiffs in error against said estate.

Upon trial the court denied the prayer of plaintiffs in error and rendered judgment for plaintiff Building & Loan Association, giving it a first lien for the amount of its mortgage, and decreed a foreclosure, and ordered sale of the property, from which judgment plaintiffs in error prosecute this appeal.

In the trial court and here it was and is the contention of plaintiffs in error that the Building & Loan Association knew that the property in question belonged to Dr. Reeder, and that its conduct in making the loan was such as to amount to assisting him in defrauding his creditors by keeping title to this property hidden in such way as to prevent its being subjected to the payment of the debts he owed to plaintiffs in error. It is claimed by defendants in error that with the exception of a small amount no judgment had been rendered against Dr. Reeder prior to the execution of this mortgage, although one or more suits had been filed; that the record title to the property in question had never been in the name of Dr. Reeder and, therefore, an examination of the abstract did not disclose that he had any interest in it.

In order for plaintiffs in error to prevail it was incumbent upon them to show that the Building & Loan Association knew that the property belonged to Dr. Reeder and, knowing this, made the loan to Ruth Ellen Carpenter in order to assist Dr. Reeder in defrauding his creditors. Counsel for plaintiffs in error in their brief state that:

"It is clear to us that the judgment rendered by the trial court in this action was clearly against the weight of the evidence."

They urge that the rule laid down in Swan et al. v. O'Barr et al., 66 Okla. 91, 167 P. 470, should be invoked here; that is, that we should find that the judgment is against the clear weight of the evidence and reverse the judgment of the trial court and render such judgment as should have been rendered by that court. The doctrine therein laid down has long been the rule in this jurisdiction. The difficulty is in its application to the facts of this case.

We have carefully examined the record in this case, and we cannot agree with plaintiffs in error that the rule is applicable here. The evidence is conflicting, but we cannot agree that the judgment of the trial court is against the clear weight of the evidence. We see no good purpose to be served by a lengthy discussion of the evidence. It is sufficient to say that it is

our conclusion that when the whole record is examined the evidence amply supports the judgment of the trial court, and the same is, therefore, affirmed.

OSBORN, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.