HENDRICKSON et al. v. BRANNON.

No. 27946. March 29, 1938.

Rehearing Denied May 24, 1938.

J. J. Henderson, for plaintiffs in error.

Bailey E. Bell, for defendant in error.

PER CURIAM. This is an appeal from the court of common pleas of Tulsa county. The action, one in equity to obtain an accounting and the appointment of a receiver, was instituted by the defendant in error, hereafter referred to as plaintiff, against the plaintiffs in error, hereafter referred to as defendants, except in those instances where a more explicit designation is necessary.

The relevant facts as disclosed by the record are briefly as follows: On August 7, 1936, the plaintiff purchased a filling station from the defendant M. C. Hendrickson. The agreed purchase price was $800. Plaintiff paid $500 of this sum in cash and gave six notes, secured by a mortgage on the station, for the balance of the purchase price. The defendant warranted that the station would produce a net income of not less than $50 a week, and agreed that if it failed to do so, then three of the notes executed by the plaintiff should be returned to him, and that the purchase price would be reduced in that amount. Plaintiff went into possession of the station and operated it for approximately three weeks, and ascertained that the station would not produce an income in excess of $20 per week. Plaintiff thereupon turned the station back to the defendant M. C. Hendrickson without requiring him to foreclose his mortgage, and with the understanding that Hendrickson would sell the station and in that manner assist the plaintiff in recouping his loss. The parties agreed to divide the proceeds received from sale of the station in the following manner:

"This agreement made and entered into this 15th day of September, 1936, by and between F. T. Brannon of the first part and M. C. Hendrickson of the second part;

"Witnesseth, that, whereas, the said F. T. Brannon has this day sold, delivered, and transferred to the said M. C. Hendrickson a certain filling station known as the Hendrickson station, situated at No. 101 N. Quanah street, in the city of Tulsa.

"It is agreed that, in the event the said M. C. Hendrickson should sell said station, all money received over and above $200 and for any additional stock, over and above $80, the amount now received by M. C. Hendrickson; and the amount the said M. C. Hendrickson may have on hands at the time of any such sale, being deducted from the sale price, the surplusage shall go to the said F. T. Brannon.

"Witness our hands and seals, the day and year above written. F. T. Brannon, M. C. Hendrickson."

The defendant M. C. Hendrickson, about November 15, 1936, sold the station to his codefendant, A. E. Murphree, for an admitted consideration of $500 in cash, and thereupon refused to concede that the plaintiff had any portion of said money due him. The plaintiff thereupon instituted this suit, and upon conclusion of all of the evidence the court found that the plaintiff was entitled to the sum of $238.48 out of the moneys received from the sale of the station and gave plaintiff judgment for that amount and denied his application for appointment of a receiver. The defendants filed separate motions for new trial in the court below, but when they were overruled appealed by joint petition in error. The sole contention advanced in the brief of defendants is that the agreement of September 15, 1936, between Hendrickson and the plaintiff was without consideration, and therefore unenforceable. In support of this contention the defendants cite the case of Sapp v. Lifrant (Ariz.) 36 P.2d 794; Iron Investment Co. v. Richardson (Wash.) 50 P.2d 42; Thorn & Thorn v. Deas (N. Y.) 4 Johns. 84; Kinch v. Cole, 133 Okla. 255, 272 P. 1020; Beardslee v. Richardson (N. Y.) 11 Wendell 26; Pennok Oil Co. v. Roxana Pet. Co., 289 Fed. 416; Gunn v. Fryberger, 71 Okla. 170, 176 P. 248; and sections 9440 and 9444, O. S. 1931. An examination of the cited cases, as well as the above sections of the statute, discloses the fact that they relate to situations where the consideration for the contract is drawn into question, and that they have no application to a situation such as is here presented. The memorandum of September 15, 1936, expressly recognized the existence of an antecedent contract between the parties and merely evidenced the manner in which the proceeds which might be derived from subsequent sale of the station should be apportioned between the respective parties. The consideration for the actual con-

tract between the parties and under which the station was returned to the defendant Hendrickson was abundantly established by the evidence introduced.

Under this evidence, the pleadings of the parties, and their admissions, the sole question before the trial court was whether the plaintiff was entitled to require an accounting from the defendants and to a judgment for any amount on such accounting. The court found that the plaintiff was entitled to such an acounting and gave him judgment for the amount which it found to be due him thereunder. The defendants have failed to point out where in any particular the trial court committed error in arriving at the conclusion which it did and in making the finding of the amount due to plaintiff. The action being here on joint petition in error and joint assignments of error, the incidental objection sought to be raised on the part of the defendant A. E. Murphree cannot be entertained. See Haley v. Wyte, 169 Okla. 406, 38 P.2d 910; Pharoah v. Beugler, 172 Okla. 633, 45 P.2d 1098; Kingkade v. Plummer, 111 Okla. 197, 239 P. 628.

It is not sufficient for a party to allege error in general terms, but the error must be made to affirmatively appear and must be pointed out in the briefs and supported by citation of authorities where possible, otherwise, this court will indulge the presumption that the judgment of the trial court is correct. Sequoyah Oil & Ref. Co. v. Sunday, 101 Okla. 44, 223 P. 665. After a careful review of the entire record and of the briefs of the parties and the authorities therein cited, we are convinced that the judgment of the trial court in the instant case does substantial justice between the parties and no reversible error is here presented.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur.