## HOME BUILDING & LOAN ASS'N v. SHANKS et al.

No. 26908.   Dec. 6, 1938.

Rehearing Denied April 2, 1940.

*100 P. 2d 868.*

Glenn O. Young, of Sapulpa, and Grace M. Arnold, of Drumright, for plaintiff in error.

J. M. Springer, of Stillwater, and Byrne A. Bowman, of Oklahoma City, for defendants in error.

PER CURIAM.   The parties appear here in the same order as they did in the trial court and will be referred to as plaintiff and defendants, except where a more explicit designation is required. The action was instituted by the plaintiff, a domestic building and loan association, against the defendants L. E. Shanks, its former secretary-manager, and Fidelity & Deposit Company of Maryland, the surety on his bond, to require an accounting and to enforce the penalty of a fidelity bond. With the permission of the court, L. E. Shanks Company, a corporation, intervened in the action and the defendants L. E. Shanks and L. E. Shanks Company joined in an accounting and by their several cross-petitions sought judgment in their behalf on their respective claims. The surety admitted the execution of the fidelity bond and its subsequent annual renewal, but denied that the terms of the bond had been breached and required due proof by the plaintiff. The cause was tried as one in equity. The court made written findings of fact wherein it found in substance that the claims of the plaintiff with respect to the failure of the defendant L. E. Shanks to account for and to turn over moneys and properties which he had received as secretary-manager during the eleven years that he occupied such office were without foundation and that there was nothing due from said defendant to the plaintiff, and that likewise the claim of L. E. Shanks on quantum meruit for services performed was without basis for the reason that he was to serve without salary, and that likewise the claim of L. E. Shanks Company for a balance due on services performed by it was unsupported, and that therefore there was nothing due from either of the parties to the other, and upon such findings rendered a judgment against the plaintiff for costs. The plaintiff appeals from the judgment so rendered and the order which denied its motion for new trial and assigns ten specifications of error and thereunder urges in substance that the trial court erred in excluding competent evidence and in admitting incompetent evidence and in failing to make an inspection of certain properties and that the evidence of L. E. Shanks was uncorroborated and that there was no evidence offered in behalf of the intervener. The effect of the contentions so made is that the findings of fact as made by the trial court are unsupported by the evidence and the judgment is against the clear weight of the evidence. The action being one in equity, we have carefully read and examined the record, which is voluminous and a review of it, even

when stripped of redundant and irrelevant matter, would require an extension of this opinion to an almost interminable length and would serve no practical or useful purpose. It will suffice to say that the record reflects substantially the facts as found by the trial court, and while it appears therefrom that the officers of the plaintiff were lax in their duties and the defendant L. E. Shanks was imprudent to say the least of it in some of the transactions, the evidence fails to show any deliberate intent or purpose on the part of the defendant to profit at the expense of the plaintiff or to act dishonestly or unfaithfully in the discharge of his duties as secretary-manager of the plaintiff, but rather a careless and haphazard manner of doing business which, if not authorized by the officers of the plaintiff, was acquiesced in by them over a long period of years and which gave rise to no dissatisfaction until some time after it became necessary for the plaintiff association to go into liquidation, and then for the first time were considered violative of duties owing from the defendant to the plaintiff. Likewise we find it unnecessary to review and discuss the many authorities cited in the briefs of the plaintiff, since the abstract principles of law therein set forth have no application to the factual situation here presented. As said in Hendrickson v. Brannon, 182 Okla. 637, 79 P. 2d 606:

"Action to require an accounting is equitable in nature and has for its purpose the striking of a balance between the parties and enforcing payment of the difference, if any, to the party entitled thereto."

In the case at bar the court found, and the record supports the finding, that the accounts of the parties balanced and that there was no difference for which judgment should be rendered, and therefore it very properly rendered judgment against the plaintiff for the costs of the action. It is a long and well-established rule that in actions of an equitable nature this court will examine the entire record and weigh the evidence, but will not disturb the judgment unless it appears to be contrary to the clear weight of the evidence. McAllister v. Clark, 91 Okla. 205, 217 P. 178; Mitchell v. Tulsa Building & Loan Ass'n, 177 Okla. 468, 60 P. 2d 764. Since, as stated above, we have gone thoroughly into this record and weighed the evidence and find that judgment is not against the clear weight thereof, it becomes our duty to not disturb such judgment. Therefore the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur. GIBSON and DAVISON, JJ., absent. DANNER, J., not participating.