Lingenfelter v. Oklahoma City
Beverage Co. et al.

*99 P. 2d 867.*

No. 28962.   Feb. 27, 1940.

Twyford & Smith and Wm. J. Crowe, all of Oklahoma City, for plaintiff in error.

Keaton, Wells & Johnston, of Oklahoma City, for defendant in error Ella D. Classen.

Smith & Buckles, of Oklahoma City, for defendant in error Triple XXX Thirst Stations, Inc.

WELCH, V. C. J. The disputed tract or parcel of real estate here involved may be described as a parcel 55 feet wide east and west, and 160 feet long north and south. It is bounded on the west by the south portion of block 75, University addition to Oklahoma City, and on the east by the south portion of triangular block B of that addition, and on the south by Northwest Sixteenth street of the city. The trial court found that Ella D. Classen was the owner of this disputed property or tract, and it is from that judgment that the plaintiff prosecutes this appeal.

Some 35 or 36 years prior to the commencement of this action, it was contemplated that this disputed tract, together with the tract immediately north, being 55 feet wide and 140 feet long, should constitute a block long street, extending from Seventeenth to Sixteenth street in the city. And if Classen boulevard, which now runs southward from Twenty-first street, had been projected due south across Seventeenth street and on south to Sixteenth street, it would have traversed this disputed tract. But Classen boulevard, after running due south from Twenty-first street to Eighteenth street, then proceeds in a southeast direction across Seventeenth street and to Sixteenth street, thus passing to the east of the disputed tract and diagonally through the block east of the disputed tract.

Thus Classen boulevard now furnishes the needed passageway from Seventeenth to Sixteenth street in this locality. It has been so since approximately the time first mentioned in this action, and the disputed parcel has never been used as a street or accepted and approved as such by the city. In an original plat about 36 years ago the block long street was so marked and designated. This was followed soon thereafter, or about 34 or 35 years ago, by an attempted vacation of any street at this point. Continuously for the past 30 to 33 years the disputed tract or parcel has been assessed for ad valorem taxes as individually owned property, and the taxes thereon paid. The defendant Ella D. Classen acquired title thereto by deed in 1917, and since that time has continued as the owner thereof, and has paid the ad valorem taxes thereon as the owner, and has been recognized as the owner thereof by adjacent lot owners. At various times since 1907 special improvement assessments for sewer improvement and street improvement and the like have been assessed against the disputed tract as privately owned property, and such taxes thereon paid. It does not appear that any building or improvement had been constructed thereon until shortly before the commencement of the action. So that the tract or parcel has not been actually occupied with the exception of some use

as a fenced lot for a period of time; and for the most part being thus vacant, was in fact subject to use for pedestrian passageway thereover in any direction by persons in the neighborhood, though the disputed tract or parcel has never been used as a thoroughfare or passageway for vehicle traffic or travel.

Mrs. Classen also owned the property immediately east of the disputed tract, and since about 1936 the plaintiff has owned and resided upon the two lots immediately west of the disputed tract, although the record shows that her predecessors in title to these two lots had for many years recognized Mrs. Classen as the owner of the disputed tract.

The plaintiff contends in this action that the disputed tract should now be held to be a part of a street, and that the trial court's finding of ownership in Mrs. Classen is contrary to the clear weight of the evidence.

It was apparently the theory of the trial court that if the disputed tract was ever a part of a plat-dedicated street (which is disputed), the same was never accepted as a street by the city or improved as a street by the city or used as a street in any way, and was shortly thereafter abandoned, and vacated as a plat-dedicated street; and that for longer than the prescription period of 15 years the defendant Ella D. Classen, without objection, continued as the owner and possessor thereof, with complete recognition of ownership, with open and notorious claim of absolute title, all in such manner as to perfect her title, as against any claim of error in the purported vacation of any plat-dedicated street, and so as to perfect said defendant's title as against any possible claim of the plaintiff.

It is true that the validity of the vacation of the street is attacked with some merit, due to the lack of strict conformity with the statute when in 1905 the purported vacating instrument was filed. However, in view of all the facts and circumstances shown, we deem it unnecessary to discuss that instrument in further detail.

The defendant cites impressive authorities upon the proposition that if the vacation of the plat-dedicated street in 1905 was imperfect, the complete abandonment thereof was fully effected long prior to the year 1913, and that title to the disputed tract reverted to the then owner, who was a predecessor in title of the defendant Mrs. Classen, but we deem it unnecessary to further discuss this point in detail.

We have examined the record and readily conclude that the findings and judgment of the trial court are well supported by the evidence and are in no sense contrary to the weight thereof. The action throughout is one of equitable cognizance, and in such case the findings and judgment should not be disturbed here, unless found to be against the clear weight of the evidence. Gragg et al. v. Pruitt et al., 179 Okla. 369, 65 P. 2d 994; Clayton v. Speakman, 182 Okla. 86, 76 P. 2d 376, and Mitchell v. Tulsa Building & Loan Association, 177 Okla. 468, 60 P. 2d 764.

The judgment of the trial court in favor of the defendant Ella D. Classen as to title in the disputed tract is supported by the evidence and free from any reversible error in the trial court. That judgment is affirmed.

RILEY, OSBORN, CORN, and DAVISON, JJ., concur.