[No. 10502.    Department Two.    January 7, 1913.]

Dora E. Atwood *et al., Respondents,* v. Washington
Water Power Company, *Appellant.*[1]

Carriers—Taking on Passengers—Sudden Jerks—Contributory
Negligence—Evidence—Sufficiency.    In an action for negligently
starting a street car with a sudden jerk, alleged to have caused a
miscarriage, it is error to instruct that there was no evidence of
contributory negligence on the part of the plaintiff, where she tes-
tified that she lifted a child onto the car, and a physician testified
that the miscarriage might have been caused by lifting the child.

Negligence — Contributory Negligence—Instructions.    It is
error to assume in an instruction in an action for personal injuries
that the defense of contributory negligence must be established by
the evidence introduced by the defendant.

Appeal from a judgment of the superior court for Spokane
county, Sullivan, J., entered February 5, 1912, upon the ver-
dict of a jury rendered in favor of the plaintiffs, in an action
for personal injuries sustained by a passenger on a street car.
Reversed.

*Post, Avery & Higgins,* for appellant.

*Munter & Flood,* for respondents.

Morris, J—The respondents, alleging injury to Mrs. At-
wood through negligence of appellant, while a passenger
upon one of its cars, recovered judgment below, from which
appeal is taken. Many errors are assigned, but finding one
which in our opinion demands a reversal of judgment, we will
discuss that alone.

The defense was a denial of negligence on the part of ap-
pellant, and a charge of contributory negligence on the part
of Mrs. Atwood.    The court, among other instructions,
charged the jury as follows:

"(19)    The defendant having alleged the defense of con-
tributory negligence the burden rests upon the defendant to
establish that defense by a preponderance of the evidence,

[1]Reported in 128 Pac. 1065.

and the court instructs the jury that there is no evidence in this case offered or introduced by the defendant to establish such a defense."

We think the giving of this instruction was error for which a new trial must be granted. By it the court practically denied to appellant its defense of contributory negligence, and commented upon a question of fact which it was the province of the jury to determine, as in our judgment there was evidence in the case from which the jury might have found that Mrs. Atwood's injury was due to her own act. At the time of the alleged injury, Mrs. Atwood had been pregnant for about three months, and the negligence complained of was in starting the car with such a sudden and extraordinary jerk, before she was seated, as to throw her violently against the door of the car, producing a miscarriage. When she boarded the car, Mrs. Atwood was accompanied by two children, eight and six years of age. She testified that she lifted the six-year-old child from the ground to the car, and her physician testified that, while the jerk and fall against the car door might produce a miscarriage, the same result might follow from lifting the child upon the car. Here, then, were two causes that might have produced the injury complained of, and between which as a question of fact the jury must determine. One of these causes the jury might attribute to the negligence of appellant without contributing cause on the part of Mrs. Atwood; the other might be attributed to the act of Mrs. Atwood in lifting the child, for which the appellant would not be responsible. One cause was the fault or negligence of appellant; the other the fault or negligence of Mrs. Atwood. When, therefore, the court told the jury there was no evidence introduced by the defendant to establish its defense, it eliminated from the consideration of the jury the facts capable of producing a miscarriage for which the company was not liable. The jury, or some of them, might have believed the producing cause of the miscarriage was lifting the child; yet they are in-

structed by the court to disregard this evidence and belief and confine their attention to the other producing·cause.

Again the instruction is bad in assuming that contributory negligence must be established by evidence introduced by defendant. While undoubtedly in our jurisdiction the burden of establishing contributory negligence is on the one who affirmatively pleads it, yet this does not mean such an one must produce the witness by which it may be established. It may be established by the evidence of the plaintiff on either direct or cross-examination. The rule simply means that, whenever or however it appears, it must be established by the preponderance of the evidence, and that since the plaintiff is presumed to be free from negligence, the burden of showing the contrary, either by its own case or that of the plaintiff, rests upon the defendant.

Some of the other instructions complained of contain faulty language in assuming certain facts, but as these faults will probably be corrected in a second trial, we will make no other reference to them. So, too, with the examination as a witness of the son of respondents, eight years old. The admission of such testimony is admitted by appellant to be within the discretion of the court, upon an examination into the child's qualifications, it being contended that such discretion was not exercised, but that the court assumed it had no power to reject the testimony. We think the court based its ruling upon an examination of the child, and thus exercised discretion. But be that as it may, the court upon the second trial will probably satisfy itself that the child is a competent witness before accepting his testimony.

Other alleged errors need not be referred to in view of the conclusion we have reached as to the giving of instruction nineteen. For this error, the judgment is reversed.

Mount, C. J., Fullerton, Ellis, and Main, JJ., concur.