[No. 24743. Department Two. April 6, 1934.]

FRANCIS CODY, *Respondent,* v. V. J. BENNETT, *Appellant.*[1]

*Whittemore & Truscott,* for appellant.

*Shank, Belt & Rode,* for respondent.

BLAKE, J.—The plaintiff brought this action to recover damages for personal injuries sustained while riding as a passenger in an automobile owned and driven by defendant. The case was tried to the court, which, on findings favorable to plaintiff, entered judgment in the sum of $3,098.55. Defendant appeals, assigning as error: (1) Refusal of the trial court to hold respondent guilty of contributory negligence; and (2) excessive damages.

[1] Reported in 31 P. (2d) 83.

Respondent's injuries resulted from a collision between appellant's car and an automobile driven by one Meeks. Since no error is assigned on the question of appellant's negligence, there is no necessity of discussing the legal relationship of the parties nor the manner in which the collision occurred.

The collision occurred at the intersection of Pioneer and Seventh streets, in the city of Montesano, at about seven-fifteen a. m., on February 22, 1932. The day of the week was Monday. The preceding Saturday evening, the parties had left Seattle for Aberdeen on a fishing trip. Sunday they had fished the Chehalis river. Spending Sunday night at Aberdeen, they left there at six-thirty Monday morning to fish the Satsop river, at a point on the Olympic highway between four and five miles east of Montesano. Finding the river muddy, they decided to return to Aberdeen and fish the Chehalis again. Very shortly after they started back, respondent fell asleep. His next conscious moment was in the hospital at Aberdeen several days after the accident.

Some courts hold a passenger who unreservedly intrusts his safety to the driver of an automobile guilty of contributory negligence, as a matter of law. *Hutchinson v. Sioux City Service Co.*, 210 Iowa 9, 230 N. W. 387; *Oppenheim v. Barkin*, 262 Mass. 281, 159 N. E. 628, 61 A. L. R. 1228; *Lambert v. Eastern Etc. Ry. Co.*, 240 Mass. 495, 134 N. E. 340, 22 A. L. R. 1291; *Monaghan v. Keith Oil Corp.*, 281 Mass. 129, 183 N. E. 252; *Ferguson v. Lang*, 126 Kan. 273, 268 Pac. 117, 63 A. L. R. 1423.

Our own cases, however, hold that ordinarily the question of contributory negligence on the part of the passenger is one of fact and not of law. *Sadler v. Northern Pacific Ry. Co.*, 118 Wash. 121, 203 Pac. 10; *Bauer v. Tougaw*, 128 Wash. 654, 224 Pac. 20; *Gillum*

*v. Pacific Coast R. Co.,* 152 Wash. 657, 279 Pac. 114; *Sanderson v. Hartford Eastern Ry. Co.,* 159 Wash. 472, 294 Pac. 241; *Wolden v. Gardner,* 159 Wash. 665, 294 Pac. 574; *Haaga v. Saginaw Logging Co.,* 169 Wash. 547, 14 P. (2d) 55; *Graves v. Mickel,* 176 Wash. 329, 29 P. (2d) 405. And we have held specifically that a passenger who goes to sleep is not guilty of contributory negligence as a matter of law. *White v. Stanley,* 169 Wash. 342, 13 P. (2d) 457.

Since, then, a passenger is not chargeable with contributory negligence merely because he goes to sleep, the question here is whether respondent, in going to sleep, was guilty of contributory negligence as a *matter of fact,* under the circumstances and conditions disclosed by the record. The trial court held he was not. And we are of the opinion that the evidence does not preponderate against that view.

Appellant contends to the contrary, basing his argument largely upon the fact that, going to the Satsop river that morning, he drove at an excessive rate of speed as they went through Montesano. He testified that, from Aberdeen to Montesano, he drove at a rate of forty miles per hour; that, as he entered Montesano, he slowed down to thirty or thirty-five miles per hour; that, returning from the Satsop river, he drove at the rate of forty miles per hour until he reached Montesano, when he again slowed down to thirty or thirty-five miles an hour.

While this rate of speed through Montesano was sufficient to establish the negligence of appellant, we do not think that it was so excessive as to require a protest from a passenger, in view of the time of day the collision occurred and the traffic conditions that ordinarily prevail at that hour of the morning. Had respondent been awake and paying particular attention to appellant's driving, he would have been justified in

assuming that appellant saw the other car in time to avoid the collision, and would conduct himself accordingly. We are persuaded that the collision was the direct result of momentary inattention on the part of appellant, which respondent, had he been awake, could not reasonably have apprehended. We are of the view that the court did not err in refusing to find respondent guilty of contributory negligence as a matter of fact.

Nor do we think the amount of damages allowed respondent by the trial court excessive. On his behalf, evidence was offered tending to show that he suffered a fractured skull. This was sharply controverted by appellant's evidence. Be this as it may, there is no doubt that respondent suffered a very severe concussion of the brain. He was unconscious for several days after the accident. He was confined in hospitals and to his home for six weeks following. For six months after he returned to work, his efficiency was obviously impaired. And at the time of trial (May, 1933), he still manifested symptoms of an "irritative lesion" in the brain. At that time, the prognosis was favorable, but not certain. We think, under these facts, the amount of damages allowed by the trial court was reasonable.

Judgment affirmed.

BEALS, C. J., GERAGHTY, TOLMAN, and HOLCOMB, JJ., concur.