[No. 4358–II.   Division Two.   March 20, 1981.]

MARK B. MURRAY, *Respondent,* v. JAMES AMRINE, ET AL, *Appellants.*

*Steven W. Klug,* for appellants.

*Frank S. Hallett,* for respondent.

REED, C.J.—Defendant Robert Amrine appeals from a judgment in a personal injury action arising out of an automobile accident. We affirm.

Plaintiff Mark B. Murray was injured in a 1–car accident while a passenger in an automobile driven by defendant. The accident occurred at approximately 8 p.m. on May 23, 1975, along a curved section of Highway 505 about 1/4 mile

east of Toledo. At the time of the accident, darkness was falling and the roadway was wet and slippery. As defendant reached over to adjust the car's radio, the right front wheel struck the graveled shoulder of the road, causing the car to skid, leave the roadway, hit a small tree, and overturn in a field. Both parties had been drinking small amounts of whiskey in the car just before the accident.

Plaintiff, alleging gross negligence on the part of defendant, brought this action to recover damages for personal injuries sustained in the accident. Defendant denied gross negligence and raised an affirmative defense of contributory negligence. At trial, plaintiff called defendant as an adverse witness. Defendant testified that he was driving with reasonable care and caution although possibly exceeding the posted speed limit by as much as 5 miles per hour, that his drinking had not affected his ability to drive, that plaintiff had nothing to do with causing the accident, and that plaintiff had no reason to object to the manner of his driving except perhaps to the presence of the alcohol in the car. Immediately following this testimony, plaintiff moved to strike defendant's affirmative defense of contributory negligence on the ground that it was sham and frivolous. The court granted the motion but did not inform the jury of this decision until both parties had finished presenting their evidence. The court also refused to give defendant's proposed instruction requiring the jury to find him guilty of gross negligence to establish liability. Instead, the court instructed the jury that defendant, as a host–driver, was required to exercise ordinary care for the safety of a nonpaying passenger.

Defendant appeals from a jury verdict and judgment in favor of plaintiff, assigning error (1) to the court's refusal to give his proposed instruction on gross negligence; and (2) to the court's striking his defense of contributory negligence.

The trial court correctly refused defendant's proposed instruction. Former RCW 46.08.080, requiring proof of gross negligence in a suit by an automobile guest against

a host–driver, was repealed by the legislature effective July 24, 1974. Laws of 1974, 1st Ex. Sess., ch. 3. In *Lau v. Nelson,* 89 Wn.2d 772, 575 P.2d 719 (1978) (*Lau* 1), the Washington Supreme Court held that the repeal of the host–guest statute reinstated this state's prior common law rule, which also required proof of gross negligence. In *Roberts v. Johnson,* 91 Wn.2d 182, 588 P.2d 201 (1978), the court abandoned the common law rule and held that a host–driver has a duty to exercise ordinary care on behalf of a passenger. In *Lau v. Nelson,* 92 Wn.2d 823, 601 P.2d 527 (1979) (*Lau* 2), the court held that the *Roberts* rule of ordinary care is applicable in all cases which had not yet gone to judgment when *Roberts* was decided. Because judgment was not entered in the instant case until some 3 months after the *Roberts* decision, the court's refusal to instruct on gross negligence was proper.

■ Defendant argues, however, relying principally on *Hammack v. Monroe St. Lumber Co.,* 54 Wn.2d 224, 339 P.2d 684 (1959), and *Nogosek v. Truedner,* 54 Wn.2d 906, 344 P.2d 1028 (1959), that this result denies him due process by imposing liability for an act for which there was no liability at the time of its occurrence. Although the Washington Supreme Court did not address this issue directly in its *Lau* 2 opinion, the defendant in that case argued the issue at length. Brief of respondent at 3–14; *Lau* 2. In view of the rule of retroactive application the court adopted in *Lau* 2, we therefore must conclude that the court implicitly rejected defendant's constitutional argument.[1]

With regard to defendant's other assignment of error, we

---

[1] As noted in *Godfrey v. State,* 84 Wn.2d 959, 962–64, 530 P.2d 630 (1975), *Hammack* and *Nogosek* are distinguishable in that both dealt with *statutory* abolition of a prior *statutory* immunity or defense. The constitution neither requires nor prohibits retroactive application of a judicial decision overruling a prior case. *Vaughn v. Murray,* 214 Kan. 456, 463–64, 521, P.2d 262, 269 (1974) (adopting ordinary care as guest–host standard); Annot., *Prospective or Retroactive Operation of Overruling Decision,* 10 A.L.R.3d 1371, 1391–93 (1966) (both cases and annotation cited in *Lau* 2). Furthermore, if applied outside the context of *Hammack* and *Nogosek,* statements in those cases that vested rights are impaired by imposing liability for an act for which there was no liability at the

believe the trial court's striking of the affirmative defense of contributory negligence early in the trial was erroneous, but we are convinced the error was harmless.

In granting plaintiff's motion to strike the affirmative defense, the trial court seemed to believe defendant was conclusively bound by his testimony that plaintiff had done nothing to cause the accident. Washington, however, appears to follow the rule that a party's testimonial admission is not conclusive but is merely evidence for the trier of fact to consider along with other evidence on the issue in question. *Hurst v. Washington Canners Coop.,* 50 Wn.2d 729, 733, 314 P.2d 651 (1957); *Sova v. First Nat'l Bank,* 18 Wn.2d 88, 113–14, 138 P.2d 181 (1943); 5 R. Meisenholder, Wash. Prac., *Evidence Law and Practice* § 424 (1965); *see* E. Cleary, *McCormick's Evidence* § 266 (2d ed. 1972).

Because defendant's testimony seemed to be inconsistent with a defense of contributory negligence, the trial court struck the defense as a sham and frivolous pleading. *See* CR 11; RCW 4.32.170. Plaintiff defends the court's action by directing us to several early Washington cases holding that factually inconsistent pleas are not permitted (*Hansen v. Bank of Cal.,* 189 Wash. 454, 66 P.2d 303 (1937); *Hart–Parr Co. v. Keeth,* 62 Wash. 464, 114 P. 169 (1911); *Seattle Nat'l Bank v. Carter,* 13 Wash. 281, 43 P. 331 (1895)). Although these cases have never been overruled directly, we are convinced they have not been good law since the adoption of the Superior Court Civil Rules in 1967. *See* Meisenholder, *The Effect of Proposed Rules 7 Through 25 on*

---

time of its occurrence are much too broad. The proper test of a retroactive statute's constitutionality is whether an affected party has changed position in reliance upon preexisting law. *In re Santore,* 28 Wn. App. 319, 324, 623 P.2d 702 (1981); Hochman, *The Supreme Court and the Constitutionality of Retroactive Legislation,* 73 Harv. L. Rev. 692 (1960). Because it is quite difficult to make a convincing showing of reliance upon tort law, Keeton, *Creative Continuity in the Law of Torts,* 75 Harv. L. Rev. 463, 492–93 (1962), a statutory change in the guest–host tort standard from gross to ordinary negligence probably would not violate the due process clause, *see Ingerson v. State Farm Mut. Auto. Ins. Co.,* 272 So. 2d 862 (Fla. Dist. Ct. App. 1973) (as in *Lau 2,* constitutional issue not addressed).

*Present Washington Procedures,* 32 Wash. L. Rev. 219, 237–38 (1957); *Mueller v. Garske,* 1 Wn. App. 406, 409, 461 P.2d 886 (1969). Under CR 8(e)(2), a party may state "as many separate claims or defenses as he has *regardless of consistency"*. (Italics ours.) The only apparent limit on the assertion of inconsistent defenses under the civil rules is the good faith requirement of CR 11, which plaintiff concedes was satisfied in this case. Plaintiff would have us draw a distinction between *pleading* alternative or inconsistent defenses prior to trial and *submitting to a jury* a defense inconsistent with testimony presented by the defendant at trial. Recognition of the right to plead inconsistent defenses, however, necessarily permits defendant to submit those inconsistent defenses to the jury if justified by the totality of the evidence. *See McCormick v. Kopmann,* 23 Ill. App. 2d 189, 206, 161 N.E.2d 720, 730 (1959); *Wilroy v. Halbleib* 214 Va. 442, 445–46, 201 S.E.2d 598, 601 (1974); McDonald, *Alternative Pleading in the United States,* 52 Colum. L. Rev. 457, 461–62, 609–10, 617 (1952). Defendant's burden of proving contributory negligence can be satisfied by plaintiff's evidence alone. *Hines v. Foster,* 166 Wash. 165, 173, 6 P.2d 597 (1932); *Atwood v. Washington Water Power Co.,* 71 Wash. 518, 520, 128 P. 1065 (1913); 30 Am. Jur. 2d *Evidence* § 1122 (1967). We therefore conclude that the court erred in striking the defense of contributory negligence at the close of defendant's testimony solely on the basis of that testimony.

To determine whether this error was prejudicial to defendant, however, we must decide whether, after hearing all the evidence presented at trial and that which defendant was precluded from offering, the court would have been justified in removing the issue of contributory negligence from the jury's consideration. On at least three occasions during argument on the motion the court invited an offer of proof from defendant as to what evidence he would offer in support of the claim of contributory negligence. We have carefully examined his responses to the invitations. We find nothing therein which, when added to the evidence that did

get in, would change our conclusion that the issue could not properly have gone to the jury. The most that can be said is that defendant hoped, rather than intended, to elicit something favorable.

■ If an automobile passenger fails to give such a warning or objection to the driver as would a reasonably prudent person under the circumstances and the failure to warn or object contributes as a proximate cause to the accident, then the passenger is guilty of contributory negligence. *Bauer v. Tougaw,* 128 Wash. 654, 224 P. 20 (1924). Whether a passenger in any particular case has satisfied the standard of care for his own safety is ordinarily a question of fact for the jury. *Alexiou v. Nockas,* 171 Wash. 369, 17 P.2d 911 (1933); 5 D. Blashfield, *Automobile Law and Practice* §§ 215.4, .16, .19 (1966). Before a trial court can remove an issue of contributory negligence from the jury's consideration, the evidence must be such that all reasonable minds must reach the same conclusion. *Lambert v. Smith,* 54 Wn.2d 348, 353, 340 P.2d 774 (1959); *Larson v. Pischell,* 13 Wn. App. 576, 579, 535 P.2d 833 (1975). Defendant contends that plaintiff was contributorially negligent in failing (1) to warn defendant his wheel was about to leave the paved surface of the highway; (2) to object to defendant's drinking in the car; and (3) to object to defendant's speed under the conditions. We believe no reasonable jury could find plaintiff contributorially negligent based on the evidence presented in this case.

■ Evidence of plaintiff's contributory negligence in failing to warn defendant that his wheel was about to leave the highway surface was clearly insufficient to present that theory to the jury. A passenger is not required to maintain the same degree of attention as is a driver. *Graves v. Mickel,* 176 Wash. 329, 335, 29 P.2d 405 (1934); Restatement (Second) of Torts § 495, comment *c* (1965). Nor is a passenger required to anticipate negligent acts on the part of the driver. 5 D. Blashfield, *supra* § 215.7. In the absence of circumstances that would serve to put him on alert, a passenger is not required to keep a constant lookout for

dangers or pay attention to ordinary road or traffic conditions. *Id.* He cannot be charged with contributory negligence unless, when the accident became imminent, there was something he might have done that he failed to do. *Id.* § 215.1. If knowledge of peril comes too late to warn the driver and avoid the accident, failure to communicate cannot constitute contributory negligence. *Id.* §§ 215.11, .15, .17; *see Newman v. Cogshall,* 171 Wash. 609, 612, 18 P.2d 850 (1933); *Cody v. Bennett,* 177 Wash. 199, 201, 31 P.2d 83 (1934). We do not believe any reasonable jury could find that plaintiff had reason to anticipate that the car would leave the paved surface of the highway.

▊ Defendant's contention that plaintiff had a duty to protest defendant's drinking or ask to leave the automobile is also without merit. The rule holding a passenger contributorially negligent in willingly continuing to ride with an intoxicated driver has no application unless something in the driver's conduct betrays his being under the influence. 5 D. Blashfield, *supra* § 215.30. It is error for a court to submit to a jury the issue of a driver's intoxication when there is no evidence to support such a finding. *Madill v. Los Angeles Seattle Motor Express, Inc.,* 64 Wn.2d 548, 392 P.2d 821 (1964). Mere evidence of consumption of small amounts of alcohol without other evidence of intoxication is insufficient to present a jury question on intoxication. *See Bohnsack v. Kirkham,* 72 Wn.2d 183, 192–93, 432 P.2d 554 (1967); *Cameron v. Boone,* 62 Wn.2d 420, 383 P.2d 277 (1963); *White v. Peters,* 52 Wn.2d 824, 329 P.2d 471 (1958). Defendant testified that he drank one shot of whiskey before meeting plaintiff the evening of the accident. Defendant had not finished a second drink of whiskey when the accident occurred. He testified that his driving was unaffected by the alcohol, and no evidence was introduced by either party to contradict this testimony. Plaintiff neither alleged in his complaint that defendant's driving contributed to the accident, nor was the jury instructed on intoxication as a possible basis for finding defendant negligent. Under these circumstances no reasonable jury could

find plaintiff contributorially negligent for failing to protest defendant's drinking.

⬛ Nor do we believe there was sufficient evidence for a reasonable jury to find plaintiff negligent in failing to object to defendant's speed. The operation of an automobile at a speed greater than that permitted by statute is negligence per se on the part of the driver. *Rhodes v. Johnson,* 163 Wash. 54, 299 P. 976 (1931). A passenger, however, need not protest against every act of the driver that he deems incautious or imprudent. *Garrow v. Seattle Taxicab Co.,* 135 Wash. 630, 238 P. 623, 45 A.L.R. 293 (1925), and he is not held to the same responsibility as is the driver in keeping speed within proper limits. D. Blashfield, *supra* § 215.2. A rate of speed sufficient to establish negligence on the part of the driver nevertheless may be insufficient to require a protest from a passenger. 177 Wash. at 201. A passenger

> is not required to keep his eyes constantly on the speedometer to see whether the driver is exceeding the legal speed limit, but he is required to call the attention of the driver to his excessive speed only when the speed is so great that a reasonable man would realize its excessive character.

Restatement (Second) of Torts § 495, comment *c.* Under the circumstances of this case, defendant's speed of 5 miles per hour over the posted limit was sufficient for the jury to find him negligent. The speed was not so excessive, however, that a reasonable passenger would feel compelled to protest.

Judgment affirmed.

PEARSON and PETRIE, JJ., concur.