Michelle Lea MILLER and Janet Shannon, Plaintiffs-Appellants,

v.

Gregory Lee EATON, Defendant-Respondent.

No. 51837.

Missouri Court of Appeals, Eastern District, Division One.

June 30, 1987.

---

Dennis E. McIntosh, Farmington, for plaintiffs-appellants.

K. Steven Jones, St. Louis, for defendant-respondent.

KELLY, Judge.

Michelle Lea Miller and her mother Janet Shannon appeal a judgment following a jury verdict in their action against respondent Gregory Lee Eaton for damages sustained in an automobile accident. The jury found in their favor but assessed fifty percent fault for damages under the doctrine of comparative negligence. We affirm.

On February 17, 1984, fifteen year old Michelle Lea Miller (hereinafter Shelly) attended a party at Gruener Ford, a park in St. Francois County. While there, she met and spoke with her two school friends Harley Green and Rick Daniely and also with Gregory, then eighteen, who was home from college for the weekend. She stayed at the party for approximately two hours. Shortly after midnight, Shelly left Gruener Ford in the company of these three individuals and rode with them to Town & Country parking lot. At the lot, Shelly, Gregory and Harley Green changed cars and rode together to Gregory's home in Gregory's Toyota pickup truck. During this ride and the remaining rides described in this case, Gregory drove, Shelly sat in the middle and Harley Green sat in the passenger seat.

Following a brief stop at Gregory's home, the three headed for Shelly's house. Immediately before arriving there, Shelly realized that she had left her purse in a friend's truck. They then rode to the friend's house, retrieved Shelly's purse and began the ride home on Highway H.

As Gregory drove north on the highway through a series of curves, he lost control of the pickup truck. The right tire of the truck dropped off the pavement. When Gregory attempted to steer the truck back onto the highway, the truck overturned.

Shelly struck her head and was thrown from the vehicle. An ambulance transported Shelly to a local hospital where she received medical treatment. The injuries sustained in this accident prompted Shelly's lawsuit against Gregory.

At trial, both Shelly and Gregory testified about the events leading up to the accident. Dr. Gary Parker testified about his medical treatment of Shelly in the emergency room. A video tape deposition of Dr. Francis Paletta, a plastic surgeon, was also presented to the jury. Additionally, Shelly introduced evidence of Gregory's blood alcohol content (BAC) level to support her negligence claim.

At the end of the trial, the jury returned a verdict of $30,000.00 in favor of Shelly for her personal injuries and $7,886.00 in favor of her mother for medical expenses. The jury apportioned fifty percent of fault against Shelly. Accordingly, the trial court reduced the amounts awarded by the jury in entering its judgment.

Shelly and her mother assert on appeal that the trial court erred when it submitted the comparative fault instructions to the jury because neither instruction was supported by sufficient evidence. The first disputed instruction submitted to the jury reads:

> In your verdict you must assess a percentage of fault to plaintiff Michelle Lea Miller, if you believe:
> First, plaintiff Michelle Lea Miller remained in defendant's automobile knowing that defendant was intoxicated to the extent that defendant's driving ability was impaired, and
> Second, plaintiff Michelle Lea Miller was thereby negligent, and
> Third, such negligence and the impaired driving ability of defendant directly caused or directly contributed to cause any damage plaintiff Michelle Lea Miller may have sustained.

The second disputed instruction is identical to the one listed above with the exception that it pertains to the damages suffered by Janet Shannon. Both instructions conform with MAI 32.05.

In determining whether given instructions are supported by sufficient evidence, the evidence must be viewed in the light most favorable to the party offering it. *Finninger v. Johnson*, 692 S.W.2d 390, 394 [9] (Mo.App.1985). A mere scintilla of evidence or speculative deductions and conclusions will not support submission of an instruction; sufficient evidence is required. *Id.* at 393 [4, 5].

Applied to the present case, appellants contend that the evidence whether Gregory's intoxication impaired his driving ability and whether Shelly knew or should have known the extent of this impairment was insufficient to support the instructions given. We disagree. Our review of the record reveals that the evidence sufficiently supports the instructions on comparative negligence.

Appellants assert that the evidence of Gregory's BAC level and his testimony that he drank whiskey prior to the accident insufficiently support the first paragraph in each instruction concerning whether intoxication impaired Gregory Eaton's driving ability. They contend that additional evidence, such as erratic driving, is needed to warrant the instructions. Because no additional factors were introduced, they conclude that the trial court erred in submitting these instructions.

Appellants rely chiefly on the cases of *Doisy v. Edwards*, 398 S.W.2d 846 (Mo. 1966) and *Bentley v. Crews*, 630 S.W.2d 99 (Mo.App.1981). In *Doisy*, the court held that testimony of the smell of alcohol on defendant's breath by itself was insufficient to support an inference that defendant was in an impaired condition at the time of the collision. *Doisy*, 398 S.W.2d at 849–50 [3]. In *Bentley*, we held that even if the defendant was driving while drunk, additional factors were necessary to support an inference that intoxication impaired his driving ability. *Bentley*, 630 S.W.2d at 107 [9].

These cases clearly do require the presentment of additional factors beyond evidence only of intoxication to support an inference of impaired driving ability. However, *Bentley* and *Doisy* deal only with the

question of admissibility of the evidence, not its sufficiency. Whether the trial court properly admitted the evidence is not the question appellants have presented us; therefore, we need not address admissibility.

On the issue of the sufficiency of the evidence of intoxication, appellants themselves introduced evidence of Gregory's BAC level from a deposition taken prior to trial. His BAC level was .10,[1] above the legal limit for intoxication under § 577.-012.1 RSMo 1986. Gregory had originally sought to exclude this evidence in a motion in limine, but had been overruled. However, by successfully securing the admission into evidence of Gregory's intoxication, appellants risked the possibility that the jury would draw negative inferences from it. Additionally, Gregory testified at trial that he drank alcohol at Gruener Ford and that he drove over the speed limit after leaving the party.

 Ordinarily, it is a question for the jury to decide whether intoxication impaired an individual's driving ability and whether the guest passenger knew or should have known of the extent of this impairment. 7A Am.Jur.2d *Automobiles and Highway Traffic* § 606 (1980). All of this evidence, taken together, created the factual issue whether Gregory's intoxication impaired his driving ability. The trial court properly instructed the jury on the issue of impairment of Gregory's driving ability due to intoxication.

 Appellants also challenge the sufficiency of the evidence to support the first paragraph of the instructions regarding the extent of Shelly's knowledge of Gregory's driving impairment. They assert that no evidence established that Shelly knew that Gregory was drinking, much less that he was intoxicated and his driving ability impaired. Without that knowledge, Shelly could not be held negligent for remaining in Gregory's pickup truck. Thus, they conclude that the trial court also erred in submitting this issue to the jury.

Appellants present no Missouri authority directly on point; instead, they rest on *Amrine v. Murray*, 28 Wash.App. 650, 626 P.2d 24 (1981) as primary support. In *Amrine*, the court held that a passenger could only be held contributorily negligent for continuing to ride with an intoxicated driver if something in the driver's conduct betrayed his condition of intoxication. *Amrine*, 626 P.2d at 29 [18]. The court found that consumption of small amounts of alcohol, without any additional evidence, was insufficient to present a jury question on intoxication or contributory negligence. *Id.*

We do not consider *Amrine* applicable. The only evidence presented to the jury in *Amrine* was testimony by the defendant that he drank two shots of whiskey prior to driving and that he felt his driving was unaffected by the alcohol. *Id.* Here, Gregory testified that, in addition to drinking alcohol, he also drove above the speed limit on narrow and curving rural roads. His BAC level, taken shortly after the accident, was above the legal limit. These additional factors sufficiently distinguish the present case from *Amrine*.

The closest Missouri case on the issue of a guest passenger's knowledge of the driver's impairment from drinking is *Hopper v. Conrow*, 347 S.W.2d 896 (Mo.1961). We note that *Hopper* dealt with the issue of contributory negligence and not comparative negligence; however, the *Hopper* case is sufficiently similar to the present case to warrant examination.

In *Hopper*, an automobile carrying a group of young men traveled at high speeds through the town of Glasgow, Missouri, and plunged into the Missouri River. There was evidence that the driver had been drinking whiskey for over an hour prior to the accident and that this drinking impaired his ability to drive. The trial court instructed the jury on the issue of contributory negligence by Hopper, the guest passenger. The court stated:

---

1. Only the bare figure of .10 appears in the transcript. We assume this figure is stated with respect to the relevant statutory concentration

of grams of alcohol per 100 milliliters of blood. Section 577.012.1 RSMo 1986.

When dangers, known or reasonably manifest to a guest, confront the driver of an automobile, and the guest has an adequate and proper opportunity to control or influence the situation for safety, he will be deemed guilty of negligence barring a recovery if he sits by without warning or protest and permits himself to be driven carelessly to his injury.

*Hopper*, 347 S.W.2d at 899 [1]. The court found that the evidence submitted at trial sufficiently supported an instruction that Hopper knew or should have known of the driver's impairment from drinking. *Id.*

In applying this reasoning to the present case, it is clear that the trial court properly instructed the jury on the extent of Shelly's knowledge of Gregory's driving impairment. The jury could reasonably have found from circumstantial evidence that Shelly knew or reasonably should have known of the danger posed by Gregory's impairment, that she had an opportunity to influence the situation for safety and that she failed to do so by remaining in the pickup truck.

A review of the evidence supports this conclusion. Shelly testified that she was familiar with the smell of alcohol, including whiskey, and that she knew that people at Gruener Ford would be drinking alcohol. Gregory testified that he drank whiskey at the party in the presence of Shelly and that she also drank in his presence. All of this could have led the jury to conclude that Shelly Miller was aware that Gregory had consumed alcohol immediately before driving but nevertheless accepted a ride with him.

Even if she was uncertain when she left the party that drinking would affect his driving ability, she had an opportunity to determine this when she accompanied him on the subsequent rides. Shelly testified that she sat almost shoulder to shoulder between Gregory and Harley Green in the cab of the pick-up truck. This proximity provided her with the chance to closely observe Gregory and to form a conclusion that Gregory's driving ability was impaired. The rides lasted anywhere from thirty minutes to an hour. During this time, Gregory drove over the speed limit on a narrow, curving road that had no shoulders. Although no testimony was given as to the lighting conditions of the road, we note that the accident occurred sometime after midnight. Gregory testified that at no time during the ride did Shelly complain about the speed at which he was driving. At trial, Shelly testified that she thought Gregory was driving too fast on the way to her friend's house located on Highway H, but she offered no explanation why she did not complain about this to Gregory.

Before the accident, Shelly had two opportunities to leave the truck. First, the stop at Gregory's home and second, the stop at the home of her friend. At Gregory's home, Shelly remained in the truck while Gregory and Harley Green went inside. At her friend's home on Highway H, Shelly left the truck, retrieved her purse and returned to the truck. The accident occurred shortly after this stop.

Appellants stress the testimony of Shelly to support their argument that Shelly could not have known of Gregory's impairment from drinking. She testified that she had consumed no alcohol that night, that she had no idea that Gregory had been drinking and that she did not believe that drinking had anything to do with the accident. The jury was free to disbelieve this testimony not only based on Gregory's own testimony but also that of Dr. Gary Parker. Dr. Gary Parker, the emergency room physician, testified that he smelled alcohol on Shelly's breath when he treated her. Gregory also testified that when they stopped at his home he brought Shelly some milk and a sandwich. His stated purpose for this was to help her "sober up". From this conflicting testimony, the jury was free to determine the credibility of each witness.

We find that the evidence presented at trial sufficiently supports the instructions that Gregory Eaton's intoxication impaired his driving ability and that Shelly Miller knew or reasonably should have known the extent of this impairment. The instructions on comparative negligence were properly submitted; thus, we affirm the judgment.

CRIST, J., concurs.

SATZ, P.J., concurs in result.