Lawrence G. JORDAN,
Plaintiff/Appellant,

v.

Harry ABERNATHY,
Defendant/Respondent.

No. 60966.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 12, 1993.

Earle B. Leadlove, St. Louis, for plaintiff/appellant.

John J. Fitzgibbon, Government Counsel, City Counselor, St. Louis, Edward James Hanlon, Government Counsel, St. Louis, for defendant/respondent.

CRANE, Judge.

Plaintiff Lawrence G. Jordan appeals from a judgment in favor of defendant, Harry Abernathy, a St. Louis police officer, after a jury trial on Jordan's petition for damages in which he alleged Abernathy had intentionally assaulted him. Jordan claims the trial court erred in excluding certain evidence, in failing to grant a mistrial, and in instructing the jury. We affirm.

Viewed in the light most favorable to the verdict, the facts adduced at trial reveal that Jordan, who ran a pizza parlor and a liquor store, was arrested on October 17, 1981 for a business violation and transported to a St. Louis police station. After interrogation, Jordan was brought to the station's prisoner processing area to be released. Jordan had recovered his personal belongings and had knelt down to replace his shoelaces when Abernathy told Jordan to go to the main lobby to replace his shoelaces. Jordan replied that he would "put them in right [where he was]." Abernathy again asked Jordan to go to the lobby. When Jordan did not respond, Abernathy took several steps toward Jordan and grabbed him under the arms. As Abernathy attempted to pull him up, Jordan suddenly jumped up and swung in an attempt to strike Abernathy. In an effort to defend himself, Abernathy struck Jordan twice in the face with his fist. Abernathy then informed Jordan that he was under arrest for third degree assault. A struggle ensued between Jordan and Abernathy, who was not carrying a nightstick or any other object. Two other officers then joined in the struggle in an attempt to assist Officer Abernathy.

Jordan subsequently filed a petition for actual and punitive damages alleging Aber-

nathy intentionally assaulted him without cause or legal reason. Abernathy raised two affirmative defenses alleging that 1) Jordan resisted arrest and Abernathy used only such force as was reasonably necessary and 2) Abernathy struck Jordan in self-defense. After a trial on the merits, the jury returned a verdict in favor of Abernathy and the court entered judgment thereon.

On appeal Jordan claims the trial court erred in excluding certain evidence, in failing to declare a mistrial when defendant recanted deposition testimony, in refusing to give an instruction on punitive damages, and in giving MAI 32.11 on self-defense.

■ For his first point Jordan asserts that the trial court erred in granting Abernathy's motion in limine because it prevented Jordan from introducing into evidence the fact that the assault charge against him was dismissed. A pretrial ruling on a motion in limine is interlocutory in nature and is not an appealable order. *Robbins v. Jewish Hosp. of St. Louis*, 663 S.W.2d 341, 348 (Mo.App.1983). Accordingly, Jordan's point relied on does not present a reviewable court action as required by Rule 84.-04(d). Moreover, Jordan did not preserve any error with respect to the exclusion of this evidence at trial by an offer of proof that demonstrated why the evidence was relevant and admissible. *Robbins*, 663 S.W.2d at 348. Point one is denied.

For his second point Jordan claims the trial court erred when it refused to admit photographs showing bodily injuries resulting from a linear object. Jordan contends that these photographs would rebut Abernathy's affirmative defenses by showing Abernathy used excessive force.

■ The determination of relevance, materiality and admissibility of a photograph rests in the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *McCutcheon v. Cape Mobile Home Mart*, 796 S.W.2d 901, 907 (Mo.App.1990). Photographic evidence must be practical, instructive and calculated to assist both the jury and the court in understanding the case. *Cryts v. Ford Motor Co.*, 571 S.W.2d 683,

691 (Mo.App.1978). The trial court excluded these photographs because they depicted "linear marks that would come from an object." Jordan did not claim that Abernathy carried any object or struck Jordan with anything other than his fist. Rather, Jordan testified that two other officers also assaulted him and that one of those officers carried a nightstick. Neither of those officers was a defendant in this action. The trial court did not abuse its discretion in rejecting photographic evidence of injuries that were inflicted by nonparties to the case. Such evidence would have prejudiced, confused and misled the jury. Point two is denied.

■ For his third point Jordan claims the trial court erred in failing to grant a mistrial when Abernathy "totally recanted his deposition" at trial. Jordan argues that he was so surprised that he was unable to properly cross-examine Abernathy. In his brief Jordan does not explain what testimony was changed or how he was prejudiced by any specific change of testimony. In fact, he makes no reference to the record. His one paragraph argument refers only to a "complete" change from Abernathy's deposition testimony to his trial testimony, which surprised him and, thus, affected his cross-examination. Under these circumstances there is nothing for us to review. *State v. Jones*, 786 S.W.2d 926, 927–28 (Mo.App.1990). Point three is denied.

■ For his fourth point Jordan asserts that the trial court erred in refusing to instruct the jury on punitive damages. Absent a showing of prejudice, such an error is not reversible. *Linkogel v. Baker Protective Servs.*, 659 S.W.2d 300, 305 (Mo.App.1983). No prejudice arises if the jury never reached the issue claimed to be the source of prejudice. *Id.* Because the jury found in favor of Abernathy, the jury never reached the issue of damages. Accordingly, Jordan was not prejudiced by the court's failure to instruct on punitive damages. Point four is denied.

For his fifth point Jordan contends the trial court erred in giving MAI 32.11 on self-defense. He claims there was contra-

dictory evidence on whether he struck Abernathy and no evidence that Abernathy apprehended bodily harm or used reasonable and necessary force.

 An instruction will be upheld if supported by any substantial evidence. *Miller v. Eaton,* 733 S.W.2d 31, 33 (Mo.App.1987). We view the evidence in the light most favorable to submission of the instruction.

The instruction at issue reads as follows:

### Instruction No. 7

Your verdict must be for defendant if you believe:

First: defendant had reasonable cause to apprehend and did apprehend bodily harm from plaintiff, and

Second: defendant did not create the situation which caused his apprehension, and

Third: the striking of plaintiff was in defense against this apprehended bodily harm, and

Fourth: defendant used only such force as was reasonable and necessary.

There was substantial evidence to support the instruction. First, there was substantial evidence that Abernathy reacted in apprehension of bodily harm. Abernathy testified that Jordan, who is two inches taller, suddenly jumped up, swung at him, and may have struck him. Even without bodily contact, violent actions or motions may be sufficient to cause a reasonable person to be apprehensive. *Schoor v. Wilson,* 731 S.W.2d 308, 314 (Mo.App. 1987). Abernathy further testified that, after Jordan swung at him, he struck Jordan twice with his fist in an effort to defend himself. The incident took place immediately after Jordan jumped up and attempted to strike Abernathy. There is no evidence of any prior incident which would give Abernathy another reason to strike Jordan. If a person has reasonable grounds to believe, and does believe, he is about to be assaulted, he need not wait until another person actually strikes him before using reasonable force to strike back in self-defense. *Hartley v. Oidtman,* 410 S.W.2d 537, 543 (Mo.App.1966). There was substantial evidence that Abernathy used reasonable force because he was under a reasonable apprehension that Jordan was about to strike him. *Id.* at 538–44. Point five is denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and SIMON, J. concur.