IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 19, 2006 Session

## ZULA M. DUNN v. NORMAN E. DUNN

**Direct Appeal from the Chancery Court for Gibson County**
**No. H 4876    George R. Ellis, Chancellor**

_____

**No. W2005-02344-COA-R3-CV - Filed June 8, 2006**

_____

Husband appeals the trial court's distribution of marital property and award of alimony _in futuro_. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellant, Norman E. Dunn.

Mark L. Agee and Jason C. Scott, Trenton, Tennessee, for the appellee, Zula M. Dunn.

### MEMORANDUM OPINION[1]

This marriage of some 37 years ended with the Plaintiff, Zula Dunn, being granted a divorce based upon the grounds of inappropriate marital conduct and the final decree was filed on February 23, 2005. The trial court ordered the Defendant, Norman E. Dunn, to pay to Ms. Dunn the sum of $200 per week as alimony _in futuro_.

With respect to the distribution of marital property, Mr. Dunn was divested of all interest in the parties' real estate located at 1421 North Twenty Second Avenue and 1434 North Twenty Second Avenue in Humboldt, Tennessee, and all rights and title to said property were vested in Ms. Dunn.

---

[1]**RULE 10. MEMORANDUM OPINION**

    This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

She was awarded the personal property remaining in the real estate as well as her vehicle and Mr. Dunn was awarded all personal property currently in his possession as well as his vehicle. In addition, Ms. Dunn was awarded one-half of the balance of any and all retirement accounts including a 401K account at the Defendant's place of employment. Mr. Dunn was ordered to pay Ms. Dunn's attorney's fees in the amount of $3,390.

Mr. Dunn filed a timely notice of appeal to this Court contending that the distribution of marital property was not equitable and that the trial court erred in the award of alimony.

This Court reviews the trial court's findings of fact *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). This Court reviews a trial court's conclusions of law *de novo* with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 845 S.W.2d 87, 91 (Tenn. 1993). The trial judge is in a better position to weigh and evaluate the credibility of witnesses who testify orally. Therefore, we give great weight to the trial court's findings on issues involving witness credibility. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997).

As provided in Tennessee Code Annotated section 36-4-121(c), the trial court is to consider all relevant factors in making an equitable division of marital property including the following:

> (1) The duration of the marriage;
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
> (4) The relative ability of each party for future acquisitions of capital assets and income;
> (5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property; including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
> (6) The value of the separate property of each party;
> (7) The estate of each party at the time of the marriage;
> (8) The economic circumstances of each party at the time the division of property is to become effective;
> (9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;
> (10) The amount of social security benefits available to each spouse; and
> (11) Such other factors as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-4-121(c)(1)-(11) (2005).

Tennessee Code Annotated section 36-5-121(i) provides that where support is appropriate and in determining the amount and nature of the support, the court shall consider all relevant factors, including the following:

(1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3) The duration of the marriage;

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the material property, as defined in § 36-4-121;

(9) The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-121(i)(1)-(12) (2005).

Clearly these relevant factors to be considered by the trial court in the division of marital property and awarding of alimony are fact driven. Trial courts are given wide latitude in equitably dividing marital property and appellate courts will ordinarily defer to the trial court's decision unless it is inconsistent with the statutory factors or not supported by a preponderance of the evidence. *Schuett v. Schuett*, No. W2003-00337-COA-R3-CV, 2004 WL 689917 (Tenn. Ct App. Mar. 31, 2004) *perm. app. denied* (Tenn. Nov. 15, 2004). Trial courts also have discretion in awarding spousal support. These decisions are factually driven and require a balancing of the statutory factors

listed above. *Loyd v. Loyd*, 860 S.W.2d 409, 412 (Tenn. Ct. App. 1993). Where the trial court makes no findings of fact, this Court must conduct an independent review of the record to determine where the preponderance of the evidence lies. *Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000).

This Court is severely hampered in this case due to the absence of a transcript of the evidence. Where no transcript of the evidence is available, the appellant is required to prepare a statement of the evidence or proceeding. This statement

> should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal.

Tenn. R. App. P. 24(c). The Appellant caused to be filed in the trial court a document entitled Transcript Or Statement Of The Evidence. Notwithstanding the provisions of Rule 24(c), this statement was not certified by Appellant or Appellant's counsel as an accurate account of the proceedings. Furthermore, having reviewed this scant document, we have determined that it does not convey a fair, accurate and complete account of what transpired with the respect to the issues that are the bases of appeal.

The burden is upon the Appellant to show that the evidence presented below preponderates against the trial court's judgment. In the absence of a transcript or an adequate statement of the evidence, a presumption arises that the parties presented sufficient evidence to support the trial court's judgment, and this Court will affirm the judgment. *Mfrs. Consol. Servs. v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000).

Appellant next contends that the trial court failed to rule upon his motion for findings of fact and conclusions of law filed pursuant to Rule 52.01 Tenn. R. Civ. P. The final decree recites that "subsequent to the ruling of the court on that day, the Defendant filed a motion for finding of the facts which are incorporated herein." The chancellor then proceeded to set forth his findings in the final decree. The trial court is not required to treat separately each fact or question at issue so long as the findings as a whole cover all relevant facts necessary to a determination of the case. *Hodge v. Provident Life & Acc. Ins. Co.*, 664 S.W.2d 297, 300 (Tenn. Ct. App. 1983). We find this issue to be without merit. Therefore, the judgment of the court entered below is affirmed and the costs of this cause are taxed to the Appellant, Norman E. Dunn, and his surety.

_____
DAVID R. FARMER, JUDGE

-4-